LEON BLUM ET AL. v. SAMUEL GAINES ET AL.

(Case No. 4619.)

1. HOMESTEAD.— When a homestead has been once acquired, the subsequent death, marriage or removal of all the individuals who composed the family, except the surviving husband, does not subject the homestead to forced sale under a judgment against him, he still occupying it as a home.

APPEAL from Burleson. Tried below before the Hon. I. B. McFarlane.

*C. C. Lockett* and *Scott & Levi*, for appellants.

I. The constitution and laws protect the homestead only in favor of a family. Const. 1869, art. XII, sec. 15; Const. 1876, art. XVI, secs. 50–52; Revised Code, art. 2335; Howard v. Marshall, 48 Tex., 481; Whitehead v. Nicholson, 48 Tex., 530; Thompson on Homesteads, ch. 2, sec. 68 *et seq.;* Keiffer v. Barney, 31 Ala., 196; Cooper v. Cooper, 23 Ohio St., 488; Dobson v. Butler, 17 Mo., 87.

II. The word "family" necessarily implies an aggregation of individuals, consisting of two or more persons. 1 Bouv., p. 512; Webster's Dictionary; Wilson v. Cochran, 31 Tex., 677; Thompson on Homesteads, ch. 2.

III. The only special exemption or privilege in a homestead, accorded to the widower as surviving husband, is that the homestead shall not be partitioned among the heirs of deceased during his lifetime, etc.; and there being no facts to entitle Gaines to that special exemption, the property lost its homestead character upon the death of Margaret Gaines. R. S., ch. 18, art. 2009; Kessler v. Draub, 52 Tex., 575, and citations; Pasch. Dig., art. 1305; Smyth on Home-

steads, sec. 152 *et seq.*; 22 Wis., 139; 43 N. H., 308; 40 N. H., 249; 8 Tex., 312; 9 Tex., 630; 45 Tex., 559; id., 588; Woodworth *v.* Comstock, 10 Allen, 425; Doyle *v.* Coburn, 6 Allen, 71; R. S., ch. 18, title 37.

*Sayles & Bassett, Ragsdale* and *McIver*, for appellee.

BONNER, ASSOCIATE JUSTICE.— This case comes up on an agreed statement, from which we make the following extract, as presenting the main question, viz. :

"The premises in controversy consisted of three acres of land, situated in the little village of Tunis, in Burleson county, enclosed, and having thereon a dwelling-house, store-house, smoke-house, stable and crib, and other improvements, the whole worth about $1,000. It appeared by competent evidence that prior to the sheriff's sale under which the defendants below, Blum *et al.*, claim, the premises were the property of the plaintiff Samuel Gaines. In 1875 the plaintiff was a married man, the husband of Margaret Gaines, and they together owned and occupied the premises as their homestead down to the death of Margaret Gaines, which occurred in January, 1876. After her death the plaintiff below, Samuel Gaines, continued to occupy the premises as his home down to his eviction, claiming them as his homestead. Neither Samuel Gaines nor Margaret Gaines had any children or dependent relatives living with them, and after the death of his wife Samuel Gaines lived on the premises *alone*, conducting a small mercantile business in the store. During his wife's life-time the plaintiff became indebted to the defendants L. & H. Blum in the sum of $1,400 or thereabouts, for which they held his note, payable in Galveston. After his wife's death, about July, 1878, the debt having been reduced by payment and credits to about $500, defendants instituted suit on it against Samuel Gaines, in the county court of Galveston county, and obtained judgment thereon. Afterwards, by proper proceedings, an *alias* execution on said judgment, directed to Burleson county, was by the sheriff thereof levied on the premises in controversy, and they were duly sold at sheriff's sale, the said Leon & H. Blum becoming the purchasers, and receiving the sheriff's deed. In December, 1878, they sued for, sequestered the premises, and Gaines having failed to replevy within the time limited by the law, they replevied and dismissed their suit, but retaining the possession of the premises. Whereupon plaintiff brought this suit to recover the property and rents. It sufficiently appeared that the rent of the

premises was worth what the jury allowed for them in their verdict. The only question presented for the decision of the court is whether or not, upon the foregoing facts, the plaintiff was entitled to claim the homestead exemption in the premises. If he was, then the judgment of the court below is to be affirmed; otherwise reversed."

We are asked in this appeal (and this is the sole question presented for our consideration) to reconsider and overrule the case of Kessler v. Draub, 52 Tex., 575, in which it was held that, when a homestead has been once acquired, the subsequent death, marriage or removal of all the individuals who composed the family, except the surviving husband, does not subject the homestead to forced sale, under a judgment against him, he still occupying it as a home.

The homestead estate was one unknown to the common law, and is of very recent origin, having been created by statute and under the construction given by the courts. As might have been reasonably expected in the legislation upon a new subject matter, the statutes did not in express terms anticipate and provide for every possible phase of the question, and the courts have been called upon to construe and apply the law to new cases as they would arise. This construction has almost invariably been a liberal one, and designed to carry out the beneficent purposes and intention of the legislature. This court has repeatedly called attention to the necessity of more specific legislation on the subject, and in the absence of it has been forced to decide cases not so much from the letter of the law as from its evident spirit and intention. These decisions have not been made in a spirit of judicial legislation, but in an anxious desire and effort, by analogy and otherwise, to arrive at a proper construction of the constitution and laws. Our statutes pertaining to estates of deceased persons have generally made express provision to set aside to the surviving widow and minor children of a deceased husband and father, the homestead and other exempt property, and no such express provision has been made for the husband. The statute of August 15, 1870 (Pasch. Dig., art. 5487), however, more general in its terms than the preceding ones, enacted that the exempt property, including the homestead, or its value if there was no such property, did not form a part of the estate of a deceased person where a constituent of the family survived. This language would include a surviving husband as well as a surviving wife, and would include either, whether there were any children or not. That a surviving husband with the minor children would be entitled to the homestead and other exempt property upon the death of the wife, has been the generally, if not universally, recognized rule in this state. Had the

homestead been the separate property of the wife, we presume that it would not be contended that at her death it ceased to be the homestead, simply for the reason the statute in regard to estates did not in express terms require it to be set apart to the husband. It is quite possible that one of the reasons why express provision was made in our previous statutes that the surviving widow and minor children should be entitled to the homestead and other exempt property, and no such express provision was made for the surviving husband, was mainly that, as the husband was already the existing head of the family, no such legislation was considered necessary, but that as the wife had not previously been the head of the family, it was considered necessary that she be so recognized and the property be guaranteed to her as such.

But we think it evident, from the language of the present constitution and the laws now in force, that it was the intention of the lawmakers that the homestead, on the death of the wife, should be continued to the husband, whether he had children living with him or not. By sec. 52, article XVI, Const. 1876, it is provided that: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the life-time of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead," etc.

Thus it will be seen that the constitution expressly provides for a survivorship in the husband, as well as the wife, in the homestead, *as such*, and this not upon the condition and continuance of his *status* as the head of a family, but to him alone and during his lifetime, or so long as he may elect to use or occupy it as a homestead.

Under this constitution the Revised Statutes were enacted. Chapter 18 of the act pertaining to estates of decedents, p. 294, after having first, as in previous statutes, required the court to set apart the homestead and other exempt property for the use and benefit of the widow and minor children, and also to a new class, the unmarried daughters remaining with the family, provides, in art. 2009, that "on the death of the wife, leaving a husband surviving, the homestead shall descend," etc., as in the section of the constitution above quoted. Here, then, is an express declaration on the part of the legislature that the "surviving husband" shall, on the death of the wife, be continued in the homestead right, not upon the condition even, as in that part of the chapter which pertains

to the surviving wife, that it is set apart to him and minor children and unmarried daughters, but with the express declaration that it shall not be partitioned even among the heirs of the deceased wife "during the life-time of such surviving husband, or so long as he may elect to use or occupy the same as a homestead." This clause has the more significant force when it is remembered that, under the act of 1848, pertaining to estates, the homestead, when set apart to the widow even, was subject to be partitioned among the heirs, if the estate proved to be solvent.

There is a marked distinction between the right of a widower who is not the head of a family to acquire a new homestead in the first place, and the right to retain the already existing homestead, after the dissolution of the family by death or otherwise. As to the acquisition of a new homestead, he would stand on the same ground as a bachelor or spinster, but in the retention of the old homestead he occupies, both in the policy and language of the law, a much more favorable standpoint. There is something repugnant in the proposition, that, to the sorrow of losing his family, should be added the misfortune that his home should be taken from him by forced sale; and that, too, for a debt for the payment of which it was not believed, either by himself or the creditor, at the time of its creation, that the homestead would be liable, and for the security of which it did not enter as an element of credit.

We think, both on reason and authority, that the rule announced in Kessler v. Draub, 52 Tex., 574, is sound, and the doctrine of that case is reaffirmed.

AFFIRMED.

[Opinion delivered May 25, 1882.]