## G. A. BAHN v. E. J. STARCKE.

### No. 373.—Decided February 10, 1896.

**1. Homestead—Divorced Woman—Case in Judgment.**

By decree granting a divorce the residence of the parties with 200 acres of land, the separate property of the husband, was allotted to the wife for her life. She had no children. She occupied the land so decreed to her as homestead. Her in-

terest in the land was sold under an execution issued upon a judgment upon a liability subsequent to the divorce. In suit for the land by the purchaser against the divorced woman, held, that her right in the land was not exempt from execution. (Pp. 205 to 209.)

**2. Homestead—Divorce.**

Man and wife having no children had a homestead upon land the separate property of the husband. A divorce was granted and the homestead adjudged to the wife for her life. Held, that the divorce destroyed the particular family the existence of which gave the homestead right. The court had no power to decree her a life estate in the property on the ground that it was the homestead of the family. By the decree she took a new estate which was subject to execution in absence of facts making her a head of a family. (P. 207.)

**3. Same.**

In such condition at the time of the sale, she having no family, section 50 of article 16 of the Constitution did not apply, nor did section 52 affect the case, because, as to succession to the homestead, it does not apply in cases of divorce. (P. 209.)

QUESTIONS CERTIFIED by Court of Civil Appeals for Third District, in an appeal from Blanco County.

*Z. T. Fulmore* and *Hugh L. Davis*, for appellant.—A divorced woman, not the head of a family, is not entitled to a homestead exemption in real estate. Const., art. 16, secs. 50, 52; Whitehead v. Nickelson, 48 Texas, 530; Roco v. Green, 50 Texas, 483; Kirkwood v. Domnau, 80 Texas, 645; Shumake v. Chalfant, 47 Cal., 432.

The homestead of a family composed only of husband and wife, there being no children, ceases to be homestead property upon the dissolution of the marriage, by divorce decree. Given v. Hudson, 64 Texas, 474; Shumake v. Chalfant, 47 Cal., 435; Arp v. Jacobs, 27 Pac. Rep., 800.

Real estate, the separate property of the husband, awarded the wife upon the dissolution and abolition of the marriage relation between the parties by divorce decree, can only be so awarded as a support due the wife from the husband, and is, if not strictly speaking alimony, really awarded her in the nature of alimony. Rev. Stats., 2864; 80 Texas, 654.

No court in this State has power to impress a homestead status on real estate by its decree. Const., art. 16, secs. 50, 52.

Real estate, awarded in decree of divorce to a woman in whose favor the divorce is granted, she remaining single and not being the head of a family, is subject to execution under a judgment against her. Zapp v. Strohmeyer, 75 Texas, 638; 80 Texas, 645; 47 Cal., 432; 80 Cal., 237.

*L. Koeniger*, for appellee.—When the homestead is once acquired it can be lost only by some act of the claimant which in itself will work its destruction. No independent act of a creditor can have that effect. Blum v. Gaines, 57 Texas, 119; Kessler v. Draub, 52 Texas, 575.

A homestead should be exempt as well where the marriage was dissolved by divorce as by death, and the question who is in default in the divorce suit is of no consequence. Zapp v. Strohmeyer, 75 Texas, 638.

The court making the decree of divorce shall also decree a division of the estate of the parties. Rev. Stats., 2564; Kirkwood v. Domnau, 80 Texas, 647.

If any woman be divorced from her husband for his fault, she shall not thereby lose her dower, which in this case is her homestead right. She was plaintiff in the decree of divorce.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District have submitted for our decision the following question:

"This is an action by the appellant to recover from appellee 200 acres of land. Appellee claimed that the land was her homestead.

"Appellant claimed the land under execution sale against appellee, followed by deed to him, in form, by the sheriff.

"Appellee is the divorced wife of A. Bahn, on the —— day of September, 1893, by the District Court of Blanco County; the land in suit was the separate estate of her husband, and was their homestead prior to the divorce. In the decree of divorcement the court set apart to her the land in suit in the following language: 'That there be and is set aside the homestead of said Bahn and E. J. Bahn, to her exclusive management and control for and during her natural life, together with all the improvements thereon; said homestead shall be laid off, and is hereby laid off in the following shape to include the buildings thereon, viz:' Then follows a description of the land in suit as the land set apart to Mrs. Bahn during her natural life. Mrs. Bahn took possession of the premises and has occupied the same up to date as her home since November, 1893, and she has at no time owned any other real estate. At her instance her name was changed from Bahn to Starcke, her maiden name. At the time of the divorce and the levy of execution there were and are not any other constituents of the family of A. Bahn and E. J. Bahn entitled to a homestead, no minor children, or other children living with the appellee, and there have been none such since the divorce. She claims the property as her homestead in her own right and under the decree of divorcement. Appellant had a valid judgment against her, rendered after the divorce, to-wit: The 3rd day of August, 1894, and the land was regularly sold and deeded to him by the sheriff under execution sale on the judgment.

"Now the question hereby certified to the Supreme Court is: Was the property subject to forced sale under the circumstances stated, or when the homestead is in a decree of divorcement set aside to the divorced wife, she owning no other real estate, for her own exclusive use during her life, she occupying and continuing to occupy it as a home, is the property protected as her homestead (she having no family), from forced sale in favor of her creditors under judgment and execution against her subsequent to the decree of divorce vesting the estate in her?"

The homestead exemption is declared by the constitution in the following language:

"The homestead of a family shall be and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for

work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead; nor shall the owner, if a married man, sell the homestead without the consent of the wife, given in such manner as may be prescribed by law. No mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void." (Constitution, art. 16, sec. 50.)

Section 52 of the same article reads as follows:

"On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

The exemption was declared in the constitution of 1845 and that of 1869 in substantially the same language as that used in section 50 of the present constitution. (Cons. 1845, art. 7, sec. 22; Cons. 1869, art. 12, sec. 15.) Neither of the two former made any provision for the disposition of the homestead upon the death of either the husband or wife. At an early day, however, the Legislature provided that, upon the death of a husband leaving an insolvent estate, the title to the homestead should vest absolutely in the widow and children, or at least the minor children, of the deceased. (Pas. Dig., art. 1305.) The policy shown by that provision has been steadily pursued in all subsequent legislation both ordinary and constitutional. (Zwernemann v. Von Rosenberg, 76 Texas, 522.) Our divorce laws confer no express authority upon the court which grants a divorce to make any disposition whatever of the homestead as such. The provision of the Revised Statutes which authorizes a court granting a decree of divorce to determine the property rights of the parties to the suit, reads as follows:

"The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate." (Sayles' Rev. Stats., art. 2864.) The present law is the same. (Rev. Stats. 1895, art. 2980.)

But here it is to be remarked that the point certified for our decision

does not suggest that there is any question as to the validity of so much of the decree of divorce in the original case of Bahn against Bahn as set apart to the wife a life estate in the property in controversy. The simple question for our determination is, Was the property acquired by that decree subject to forced sale for the payment of appellee's debts· contracted after her divorce? It is clear that article 2864 of the Revised Statutes does not expressly empower the court to transfer to either party the homestead with the privilege of exemption from execution. The latter is a mere immunity which grows out of the existence of certain conditions, and which is incapable of transfer from one to the other by the act of the parties; and we cannot conclude that it was the purpose of the Legislature to authorize the court to make such transfer, in the absence of words in the statute indicative of that intention. We find no such words in the article in question. The divorce destroyed the particular family, the existence of which gave the right of exemptions; and hence destroyed the right of homestead as to that family. Two new families may be created by a divorce dissolving the bonds of matrimony, or they may be created by the subsequent marriage of the parties. Such families would each have a right of exemption, but it proceeds from the existence of the new relation and not from that of the old. It follows, we think, that if there exists any authority for holding that the exemption passed to the wife in this case, it must be found in the sections of the constitution which are hereinbefore quoted. Section 50 exempts "the homestead of a family;" and the general rule is, "no family, no homestead." (Waples on Homesteads, 71.) Section 52 provides for the event of the dissolution of the family by the death either of the husband or wife, but makes no provision for the case of divorce. In neither, therefore, do we find anything to indicate that any exemption in favor either of a divorced wife or of a divorced husband was intended to be recognized. The words "homestead of a family" have a well defined meaning and are not open to a construction which would include the homestead of a single person without a family.

There have been but few cases in this court which bear upon the immediate question. In Kirkwood v. Domnau, 80 Texas, 645, the husband and wife resided upon a homestead which was their community property. There was a decree of divorce, which made no disposition of their property rights, but the wife remained upon the homestead with their minor children. The husband sold his interest in the property, and his grantee brought suit for partition. It was held that the purchaser had the right to recover the half interest held by the husband at the time of the divorce and to have a partition, but that the wife's interest, it being her homestead and she being the head of a family, could not be sold, even to pay the costs of partition decreed against her. In Zapp v. Strohmeyer, 75 Texas, 638, the husband and wife were divorced and in the decree the homestead, which was community property, was divided between them. The divorced wife afterwards resided upon the part assigned to her with some of the minor children. The

husband resided also upon the part set apart to him. A minor son lived a while with him, but had left and was working for himself. · The husband's part of the land was levied upon by virtue of an execution for the costs of the divorce suit and was sold by the sheriff. The court · held that the property was exempt from forced sale, and that the purchaser could not recover. The trial judge held that the husband, for the reason that his children might return to his home and he was still liable for their support, was the head of a family. The court in the opinion quote the opinion of the trial judge, seemingly with approval, but it is not clear that it was not intended to hold that the property would have been protected from forced sale if he had had no family. It was, however, as we think, properly held that he was the head of a family, and therefore the expression of opinion upon the other point was not called for by the facts of the case.

The case of Shoemaker v. Chalfant, 47 Cal., 432, was very like this, and it was there held that since the family had been severed by the decree of divorce, the portion of the homestead which had been assigned to the husband by the decree, though occupied by him, was subject to execution. It would seem from the opinion that after the divorce, the husband had no family,—though the facts are meagerly reported.

If in this case the relation of husband and wife between the parties to the divorce suit and their occupancy of the property in controversy—it being the husband's—invested the wife with any kind of an estate in the property, that estate was dependent upon the relation, and terminated when the relation ceased. Her interest as a wife in the homestead, if such it may be called, was destroyed when she ceased to be a wife by a decree of divorce and not by her husband's death. The title she acquired by the decree was an original title and did not come to her as a homestead. At the very point of time at which she acquired it she became a single woman, and was no longer a constituent of a family. The court had no power to decree her the life estate in the property, on the ground that it was the homestead of the family, or to devolve upon her a homestead right such as section 52 of article 16 of the Constitution devolves upon a surviving wife or husband. It is not clear whether the decree in question attempts to do this or not. The use of the word "homestead" in the decree may have been merely for the purpose of description, and not for the purpose of fixing the quality of the interest or estate in the property. But while it may be that the decree, until set aside or reversed, fixed the rights of the parties, it could not fix the rights of persons who might thereafter become creditors of either. If the court had had the power, and had decreed the wife the property, and had also transferred the homestead right as it existed in the family previous to the divorce, then the case would have resembled in principle more nearly the cases of Kessler v. Draub, 52 Texas, 579, and Blum v. Gaines, 57 Texas, 119. In those cases it was held that, where the head of a family, either by the death or dispersion of its members, ceases to have a family, the homestead will remain exempt.

They are in accord with the rulings of other courts, but we confess our inability to apprehend clearly the principle upon which they are based. They however settle the law upon the point decided and we are not disposed to cavil at the conclusion there announced. At the same time, we are unwilling to extend the doctrine to new cases, on account of some supposed analogy between such and the cases just cited.

In short, our conclusion is that, since at the time of the levy and sale the appellee had no family, section 50 of art. 16 of the Constitution did not exempt the property; that section 52 does not affect the case, because it does not, as to a succession to the homestead right, apply in cases of divorce; and that the court that granted the divorce had no power to transfer the exemption, if it attempted to do so.

Our opinion is, that the property was not exempt from forced sale and it will be so certified.