HENRY HOLDSWORTH v. WILLIAM L. GATES.

Decided April 22, 1908.

**1.—Boundaries—Dignity of Calls.**

Where the lines of a survey are not, in fact, run upon the ground, nor the corners marked as described, a call for a stake or other artificial object at a corner of such survey will not control a call for course and distance from a known and identified corner.

**2.—Same—Stake for Corner.**

A call in an "office survey" for a stake set by some other surveyor, and not by the surveyor making the field notes, will not control a call for course and distance in the field notes of an older survey, and thus destroy the evident intention that the older survey should be a square. The doctrine that the footsteps of the surveyor must be followed has no application in the case of an "office survey."

Appeal from the District Court of Zavala County. Tried below before Hon. R. H. Burney.

*I. L. Martin* and *Geo. C. Herman,* for appellant.—Where a surveyor does not run on the ground some of the lines of the survey, but calls for a stake which he had previously found for a corner, such call must be followed and establishes the corner at the stake the same as if he had actually run the lines on the ground and placed the stake for the corner. A stake is an artificial object, and course and distance must yield to the call for a stake. Lester v. Hays, 14 Texas Civ. App., 643; Thatcher v. Matthews, 19 Texas Ct. Rep., 837; Stafford v. King, 30 Texas, 257; Wyatt v. Foster & Raffety, 79 Texas, 413 and 414; Thatcher v. Matthews, 105 S. W., 1006.

Where several surveys are originally made by the same surveyor contemporaneously or about the same time, and in their respective field notes describe their corners as being stakes, witnessed by bearing trees of exactly the same kind, size, distance from stake, course from stake

and marks for two or more of said surveys, it is a presumption of fact that the surveyor set and marked said corners as the respective common corners of said surveys; that they must close with each other, and that no vacancy was left between them. Wyatt v. Foster & Raffety, 79 Texas, 413 and 414; Welder v. Carroll, 29 Texas, 334; Sellers v. Reed, 46 Texas, 379; Booker v. Hart, 77 Texas, 151; Standlee v. Burkitt, 78 Texas, 620; Allen v. Worsham, 49 S. W., 525; Coleman County v. Stewart, 65 S. W., 383.

*Kelso & Lipscomb* and *Murray & Murray,* for appellee.— In the case of a survey not actually made on the ground, but platted in by the surveyor in his office, the survey is to be located by a survey to be made in conformity with the calls of the survey recorded by the surveyor. If these calls are conflicting and contradictory, then preference must be given to those which, in their application to the survey in question, are more specific and definite, in place of such as are more general and indefinite or descriptive. Thatcher v. Matthews, 19 Texas Ct. Rep., 837; Phillips v. Ayres, 45 Texas, 601; Fenley v. Flowers, 23 S. W., 749.

In trespass to try title, if the boundary lines of the survey of land sued for are not established so as to correspond with the description of the land contended for in petition, the plaintiff fails in his action and the verdict should be for defendant. Jones v. Andrews, 62 Texas, 652; Thatcher v. Matthews, 19 Texas Ct. Rep., 837.

FLY, ASSOCIATE JUSTICE.—This is a suit of trespass to try title to a narrow strip of land alleged to be a part of fractional section number 16, Hooper and Wade, public free school land, instituted by appellant. The issue was as to the true boundary line between section 16 and section 18, which lies north of and adjoining number 16. The cause was tried by the court and resulted in a judgment for appellee.

In 1875, four surveys were made, being designated as 15, 16, 17 and 18, and upon the field notes being sent to the General Land Office, numbers 15 and 16 were canceled because of conflicts with older surveys and the county surveyor made new surveys to ascertain the extent of the conflict. Three well established corners of number 18 were clearly located by the facts in this case. The county surveyor did not make an actual survey of number 16, as he was ordered by the Land Commissioner to do, but made what is known as an "office survey." In that office survey the surveyor began at the established southwest corner of survey number 18 and ran S. 75 E. 1900 varas. Number 18 is a square, each side being 1900 varas long, and its calls are: S. 15 W. 1900 varas. Thence N. 75 W. 1900 varas. Thence N. 15 E. 1900 varas. Thence S. 75 E. 1900 varas to beginning. The northeast, northwest and southwest corners of 18 were fully identified on the ground. It must be remembered that those corners were made at or about the time the original surveys of 15, 16 and 17 took place. The corrected survey of number 16 calls for its original northwest corner, which was clearly shown to be the southwest corner of survey 18, thence it calls for the same course and the same distance as the south line of number 18, and if that course and distance are adhered

to the line is exactly where appellee' claims it is and where the court fixed it. That call preserves the original square shape of number 18, and fixes the southeast corner of 18 and northeast corner of 16, where appellee claims that it is. In order to place the line where appellant desires it to be placed the course called for in the field notes must be changed and the original square shape of the older survey must be destroyed. We find that the statement of facts sustains the findings of fact of the trial judge and they are approved. They are, with omissions of unnecessary verbiage, as follows:

"1st. Sections No. 15 and 17, Hooper and Wade, in Zavalla County, Texas, were originally made on September 20, 1875, and the alternate school sections No. 16 and 18 were made on September. 21, 1875, and all were made by the same surveyor.

"2d. Afterwards in 1887, section No. 16 was found to be largely in conflict with older surveys (I. & G. N.) on the south, and corrected field notes of this section No. 16 were made by Geo. Myers, county surveyor of Zavalla County, Texas, in 1887. Said corrected field notes were returned to and filed in the General Land Office on August 31, 1887, and were adopted by the Commissioner as the field notes of said section, and the original field notes of said section 16 of date September 21, 1875, were canceled by the Commissioner of the General Land Office. That such corrected field notes recite that said section No. 16, as corrected, contains 295.27-100 acres of land, and are substantially as follows;—"Said Survey is No. 16 in Zavalla County, Texas, situated on the waters of" ......, etc. "Beginning at a stake, the original N. W. corner. of said survey, a Mes. 12 in. in dia. brs. S. 2½ W. 4¼ vrs. Do. 7, N. 75 E. 23¾ vrs. Thence S. 75 E. 1900 vrs. to a stake from which a Mes. 15 in. in dia. brs. N. 73 E. 60 vrs. Do. S. 29 E. 69 vrs. Thence S. 15 W. 641 vrs. to a stake and the north line of survey No. 14 ...... I. & G. N. Ry. Co. Thence N. 89 W. 1957 2-10 vrs. to a stake on the north line of I. & G. N. R. R. survey No. 13. Thence N. 15 E. 1115 vrs. to the place of beginning ......" "Bearings marked X."

"Said field notes were not made by actually running on the ground, but were made by said Geo. Myers in his office and without going upon the ground. No. such bearing trees as are called for at the N. E. corner of said fractional section No. 16 were ever found and marked by said Geo. Myers.

"3d. The N. E., the N. W. and S. W. corners of section No. 18 are found and identified on the ground, but its S. E. corner, which calls for a stake with bearing trees, the same size, kind, distance and degree, as those called for as the N. E. corner of No. 16 and as the N. W. corner of survey No. 15, can not be found. No corner of section No. 16, as corrected in 1887, can be found and identified except the beginning corner, which is the N. W. corner of 16 and the S. W. corner of No. 18. Survey No. 15 was also largely in conflict with I. & G. N. surveys on its south. Surveys No. 16 and 17 and said school sections No. 16 and 18 lie contiguous and the call for the S. E. corner of 18 is a common corner for all of said surveys, though neither one of said surveys calls for any connection with any other one of said surveys, except in that the bearing trees at the corners in some instances,

are, or appear to be, the same from size, distance, course, etc.—As originally made in 1875 the S. E. corner of No. 16 is found upon the ground, and so also is the N. E. and S. W. corners of No. 15.

"On May 16, 1898, plaintiff made his application in due form to purchase said fractional section No. 16, and the same was duly awarded to him by the Commissioner of the General Land Office, as additional land to section No. 20, on July 29, 1898, and his purchase is in all things regular and in good standing and he has good title to all said fractional section No. 16, as corrected by field notes of 1887.—Plaintiff alleges that defendant claims section No. 18, and while the defendant on this trial adduced no record or written evidence of title to the same, it was shown that he was and had been for a long time in possession of said section No. 18 under some claim of title.

"5th.    To construct section 18 from either of the three known corners and the two fixed lines, that is, the west and north lines, so as to have the south line parallel with the north line (which is fixed) and the east line parallel with its west line (which is also fixed) will place the land in controversy in this suit within the boundaries of said section No. 18, and place the south line of said survey and the north line of fractional section No. 16 almost exactly along an old marked line running S. 75 E. from the N. W. corner of said section No. 16 (which is as claimed by defendant), and the same is the original and true division line between section 18 and said fractional section 16. To run out fractional section No. 16 according to its corrected field notes made in 1887 by course and distance from its N. W. corner, which is found and clearly identified, will fix its north line along said old marked line, and as claimed by defendant, and fractional section No. 16 will not embrace any of the land sued for.

"6th.    Plaintiff has failed to show by a preponderance of the evidence that the north line of fractional section No. 16 is where he claims it to be, and that the land in controversy is a part of said section No. 16.

"7th.    There is an old marked (hacked) line extending from the northwest corner of said section No. 16, and the southwest corner of section No. 18 to a point on the west line of survey No. 15, which was exactly on the course called for the division line between sections No. 16 and 18, that is S. 75 E.—This line was shown to have been traced as far back as 1884, and appeared to have been made years before, though one or two witnesses testified that the hacks along this line did not appear to be as old as the hacks on the corner bearing trees.    In 1882 there was a large Mesquite, with a cross (X) marked on it somewhere near the intersection of this marked line with the west line of survey No. 15.    In 1884 a Mesquite tree, which had been burned down, was found very near this point of intersection, which showed to have been a bearing tree.    This marked line was the original line between said sections No. 16 and 18, as is claimed by defendant."

It is clear that the surveyor intended in his office survey to follow the south line of number 18 and make it the north line of number 16, and his calls for objects, which he could not have located upon the ground, should not be allowed to destroy calls for course and distance, and especially should this be true when to allow a change in the

course called for would change the shape of an older survey. There can be no doubt that if the lines of the corrected survey had been run upon the ground and a stake fixed in a certain place been called for, that call should be superior to a call for course and distance, but no lines were run upon the ground, no stakes were set by the surveyor, and calls for artificial objects under such circumstances could not be accorded more dignity than calls for course and distance. The only reason for the rule that artificial objects should prevail over calls for course and distance is that they have been set up by the surveyor and serve to mark his footsteps. Thatcher v. Matthews, (Texas), 105 S. W. Rep., 317. The moment that it is ascertained that a stake or other artificial object called for was not placed in its position by the surveyor, but is merely an office call, it is robbed of its importance, and course and distance would be of equal dignity with it, and when a call for course and distance maintains the integrity of an older survey it will take precedence over the fictitious call for an artificial object: Williams v. Winslow, 84 Texas, 371. It was said in that case: "Appellee relies upon the oft-announced doctrine, that the actual identification of the survey, the footsteps of the surveyor upon the ground, should always be followed, by whatever rule they may be traced. This doctrine, however, can not be invoked unless the facts show it to be applicable. The actual survey must be found and identified, the footsteps of the surveyor must be traced, before course and distance should be ignored." It is useless to argue that the footsteps of the surveyor should be followed, when there were no footsteps.

Appellant can not arbitrarily change his office survey and take a course not called for in his field notes and thereby run into and disturb an older survey, with its corners and lines well marked. The south line of number 18 was established by an abundance of proof and its southwest corner well established. That corner is the northwest corner of number 16, and the course and distance called for on its north line were the same as called for on the south line of number 18. To sustain appellant's claim to the land, however, the course and distance from the corner mentioned must be changed from S. 75 E. 1900 varas, to S. 77° 19' E. 2100 varas, and this change must be made upon the ground that a stake called for in a survey made by the surveyor in his office without ever going upon the ground, is superior to a call for course and distance. We can not sustain such a proposition.

Our approval of the findings of fact disposes of all the assignments of error. The judgment is affirmed.

*Affirmed.*

Writ of error dismissed for want of jurisdiction.