**WOODS et al. v. ALVARADO STATE BANK.\***
(No. 233.)

(Court of Civil Appeals of Texas. Waco. May 7, 1925. Rehearing Denied June 18, 1925.)

1. **Homestead ⬅️17—No homestead exemption where no family exists.**

Where there is no family, there is no homestead exemption.

2. **Homestead ⬅️1—Homestead is a mere immunity growing out of existence of certain conditions.**

The homestead, with privilege of exemption from execution, is not an estate in land, but is a mere immunity growing out of existence of certain conditions.

3. **Homestead ⬅️158 — Homestead exemption dissolved where marital relation severed by divorce.**

Const. art. 16, § 52; Rev. St. art. 3429, providing that on death of husband or wife survivor shall be protected in use and occupancy of homestead for life, or so long as such survivor elects to use and enjoy same, *held* inapplicable in view of Const. art. 16, § 50, Rev. St. arts. 3413, 3414, 3416, 3422, and 3424, where marital relation is severed by divorce.

4. **Homestead ⬅️17 — Minor children, living with father, on divorce of parents, constituted a "family" entitled to homestead exemption, which exemption ceased when they ceased to live with him.**

Where two minor children went to live with their father, on divorce of parents they constituted a "family" entitled to homestead exemption which father had acquired, but when such children ceased to live with him, and established homes of their own, homestead exemption ceased, and land was then subject to sale under execution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Family.]

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by J. D. Woods and others against the Alvarado State Bank. From the judgment, both parties appeal. Reversed and rendered.

Warren & Russell and J. M. Moore, all of Cleburne, for appellants.

E. A. Rice, of Cleburne, for appellee.

STANFORD, J. On May 31, 1901, a divorce was granted in the district court of Johnson county, Tex., in favor of Carrie Woods against J. D. Woods. At the time said divorce was granted, the said parties, being husband and wife, had two children, Pearl, about 10 years of age, and a boy between 8 and 9 years of age, and had, with said children, been occupying as their homestead about 104 acres of land, which was the separate property of appellant J. D. Woods. In the divorce decree this 104 acres of land was set apart to appellant J. D. Woods as his separate property, and the custody of the two children was awarded to their mother, Carrie Woods. The children, however, continued to live on the home place with their father, 2, 3 or 4 years, until Pearl Woods, the girl, was 12 or 13 years of age, when they both went to Oklahoma. Pearl, the girl never returned to live with her father, but continued to live in Oklahoma, where she married in 1906 when about 14 years of age. The boy, in about 1906, returned to Texas, and made several trips from Texas to Oklahoma, living with his father a part of the time and elsewhere a part of the time, until he was about 21 years of age, when he married and settled in Oklahoma. The boy has been married and living in Oklahoma 10 years. The girl has been married and living with her husband in Oklahoma for the last 18 or 20 years. Between the date the divorce was granted in 1901 and about 1907, and while said children, or at least one of them, was living with appellant a part of the time, he bought several small tracts of land, aggregating about 124 acres, adjoining said original 104 acres, making a total of about 228 acres, all in one block. Appellant has never remarried, and for the last 10 or 12 years has lived on said land alone.

On July 3, 1919, appellant J. D. Woods executed his note in the sum of $6,327, due and payable to the appellee bank on July 3, 1920. On March 22, 1920, a little more than three months before the maturity of said note, appellant executed a deed conveying all of said land to his daughter, Mrs. Pearl Hale, who resides with her husband at Fairview, Okl. The consideration stated in this deed was "$10 paid and love and affection for daughter, and settling with her for her interest in my estate, valued at $4,000."

Appellant having made default in the payment of said note, appellee bank brought suit on same, and recovered a judgment against appellant for $8,582. Thereafter, the bank caused an execution to be issued and levied upon 214 acres of said 228 acres, whereupon appellant and his daughter, Pearl Hale, and husband, procured a temporary injunction restraining the sale. On the trial of this injunction case before the court without a jury, the court perpetuated said injunction as to the 104 acres, the land appellant owned at the time the divorce was granted, but dissolved said injunction as to the remainder of the 214 acres, or approximately 110 acres, the land acquired by appellant after the divorce was granted. Both sides excepted to the judgment of the court. The case is before us on assignments by appellant, contending the whole of said land was exempt to J. D. Woods as a homestead, and therefore not subject to execution, and, on cross-assign-

ments by appellee, contending no part of said land was exempt to appellant as a homestead.

### Opinion.

Counsel for both appellants and appellee have filed exhaustive briefs and able arguments in this case, and have cited two lines of decisions from our Supreme Court, which, on a casual reading, would appear, to a certain extent, to be in conflict, but we have concluded there is no such conflict, but that the apparent confusion arises by not properly distinguishing between the classes of families protected in the use of the homestead by our Constitution, and statutory enactments. If J. D. Woods and wife had not had any children but had continued to live together upon the 104 acres of land as their homestead until the death of Mrs. Woods, then J. D. Woods, the surviving husband, although a single man, without children and with no one dependent upon him, would have been entitled to continue to occupy said land as his homestead for the remainder of his life; or, if J. D. Woods and wife and their two children occupied said 104 acres as a homestead, and continued to do so until the death of Mrs. Woods, the surviving husband and children would have been entitled to continue to occupy same, and after the children grew up and married and established homes of their own, the surviving husband, although a single man with no one dependent upon him, would have been entitled to continue to occupy said land as his home, exempt from forced sale, for life—not by reason of his being a family, or the head of a family, for he would be neither, but by reason of the right accorded him as a survivor of the marital relation, severed by death, by our Constitution and statutes. Or if, after the death of the wife and while the surviving husband and minor children are occupying the family homestead, the husband dies, the minor children by their guardian may be permitted, under and subject to the orders of the proper court having jurisdiction, to continue to use and occupy said homestead. Const. art. 16, § 52; Revised Statutes, arts. 3414, 3416.

The exemption of the homestead was declared in the Constitution of 1845, and in that of 1869, in substantially the same language as that used in article 16, § 50, of our present Constitution. Const. 1845, art. 7, § 22; Const. 1869, art. 12, § 15. But neither of the two former Constitutions made any provision for the disposition of the homestead upon the death of either the husband or wife. At an early date, however, the Legislature provided that, upon the death of a husband leaving an insolvent estate, the title to the homestead should vest absolutely in the widow and children of the deceased, not subject to administration for payment of debts, and not subject to parti-

tion. This provision, in 1876, was amended, and is now article 3422 of our present statutes, and, at the same time, for the purpose of carrying out and making more effective the above provisions, articles 3413, 3416, and 3424 were enacted. Then, in our present Constitution, the statutory provisions protecting the surviving wife and minor children in the use and enjoyment of the homestead were extended so as to protect the survivor of the marital relation and minor children in the use of the homestead where such relation is severed by the death of either the husband or wife. But in all of these provisions, in both our Constitution and statutes, it will be observed the protection is only to the survivor of the marital relation when such relation is dissolved by the death of one of the spouses, and the protection is only in the homestead in existence at the time of such dissolution, and not in any after-acquired homestead by the survivor.

[1] There is another kind of a family that does not grow out of the marital relation, such as, for instance, a single man may be morally obligated to care for a widowed sister and minor children and takes them to his home, and thereby constitutes a family which our Constitution and statutes will protect in the use and occupation of a homestead; but if his dependents grow up and marry off and leave him, his homestead protection ceases. The exemption or immunity provided by the Constitution and statutes is not to the head of a family, but is to the family, and the general rule is, no family no homestead. At the time J. D. Woods and wife were divorced, they both became single. If there had been no children, neither would have been entitled to any homestead exemption. The divorce destroyed the particular family, the existence of which gave the right of exemption as to that family. However, at the time the divorce was granted, appellant was living on the 104 acres, which had been the homestead of himself and wife. This land was set apart to him as his separate property. He had two minor children, who were entitled to a home, and for whose support, nurture, and education he was legally and morally liable, whether they lived with him or their mother. The fact that the court awarded said children to their mother is immaterial. These two minor children and appellant constituted a family, entitled to protection of their homestead right in the 104 acres of land and other adjoining land acquired while they were with appellant to the aggregate amount of 200 acres. Hall et al. v. Fields, 81 Tex. 553, 17 S. W. 82; Speer & Goodnight v. Sykes (Tex. Sup.) 119 S. W. 86; Scripture v. Scripture (Tex. Civ. App.) 231 S. W. 826. But the family composed of appellant and his two minor children was not the same family as the one before the divorce was

granted. Before the divorce was granted appellant had the status of a married man. He was a member of a family composed of a husband and wife and minor children, and was within both the constitutional and statutory provisions which declare, in substance, that, in case of the death of either the husband or wife, the survivor shall be protected in the use and enjoyment of the homestead, and that it shall not be subject to the payment of debts, and shall not be subject to partition so long as the survivor shall elect to occupy and use same. After the rendition of the judgment for divorce, appellant's status was that of an unmarried man, the relation with his wife having been severed, and she then constituted no part of his family. He was as effectually a single man as if he had never been married. He was a member of a family, but not a family consisting of a husband and wife and minor children, but a family consisting of a single man and dependent children, and, without the dependent children, there would be no family; and so no exemption—a family not under the constitutional and statutory provisions above referred to, guaranteeing homestead rights to the survivor, but was the same character of family as if a brother who had never been married were to take to support a widowed sister and her minor children.

[2] The homestead, with the privilege of exemption from execution, is not an estate in land, but is a mere immunity which grows out of the existence of certain conditions. As said by our Supreme Court, in the case of Bahn v. Starcke, 89 Tex. 203, 34 S. W. 105, 59 Am. St. Rep. 40:

"The divorce destroys the particular family, the existence of which gave the right of exemptions; and hence destroys the right of homestead as to that family. Two new families may be created by a divorce dissolving the bonds of matrimony, or they may be created by the subsequent marriage of the parties. Such families would each have a right of exemption, but it proceeds from the existence of the new relation, and not from that of the old. * * * Section 50 [of Article 16 of our Constitution] exempts 'the homestead of a family,' and the general rule is, 'no family no homestead.' Wap. Homest. 71. Section 52 [of Article 16 of the Constitution] provides for the event of the dissolution of the family by the death either of the husband or wife, but makes no provision for the case of divorce. In neither, therefore, do we find anything to indicate that any exemption in favor of either a divorced wife or a divorced husband was intended to be recognized. The words 'homestead of a family' have a well-defined meaning, and are not open to a construction which would include the homestead of a single person without a family."

[3] The real question, and only question here involved, is whether or not the severance of the marital relation by divorce comes within the provisions of our Constitution, (article 16, § 52, and article 3429 of our statutes), providing, in substance, that on the death of the husband or wife, the survivor shall be protected in the use and occupancy of the homestead for life, or so long as such survivor elects to use and enjoy same. As stated above, our Supreme Court, in Bahn v. Starcke, through Chief Justice Gaines, said:

"Section 52 provides for the event of the dissolution of the family by the death either of the husband or wife, but makes no provision for the case of divorce. In neither [the Constitution nor statutes], therefore, do we find anything to indicate that any exemption in favor of either a divorced wife or a divorced husband was intended to be recognized."

This decision has been followed to the present time, and is, we think, a correct statement of the law.

[4] As stated above, after the divorce was granted appellant was a single man, and the only thing that entitled him to homestead exemption was the fact that he had two minor children to care for. So appellant and these two minor children constituted a family, entitled to the homestead exemption as long as such family continued, and no longer. Bahn v. Starcke, 89 Tex. 203, 34 S. W. 103, 59 Am. St. Rep. 40; First Nat. Bank v. Sokolski, 62 Tex. Civ. App. 324, 131 S. W. 818; Comstock v. Lomax (Tex. Civ. App.) 135 S. W. 185; Lomax v. Comstock, 50 Tex. Civ. App. 348, 110 S. W. 762; Davis v. Cuthbertson et al. (Tex. Civ. App.) 45 S. W. 426; Blum v. Gaines, 57 Tex. 121. More than ten years before appellant executed the note to appellee bank, and before said note was reduced to judgment and execution issued thereon and levied upon said 214 acres of land, appellants' said children had ceased to live with him and had married and established homes of their own in Oklahoma, and all of said land had ceased to be exempt and became subject to sale under execution.

We overrule all of appellant's assignments of error, and sustain the cross-assignments of error of appellee, and reverse the judgment of the trial court, and here render judgment dissolving said injunction in its entirety. Costs of this appeal are adjudged against appellant.