

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 19, 1966

Honorable Robert S. Calvert      Opinion No. C-725
Comptroller of Public Accounts
Capitol Station                  Re: Whether a family rela-
Austin, Texas                        tionship is necessary
                                     in order to claim a
                                     homestead exemption from
                                     the ad valorem tax, and
Dear Mr. Calvert:                    related question.

You requested an opinion from this office upon the
following questions:

> "(1)   Is a family relationship
> necessary to have available to a pro-
> perty owner the exemption from Ad
> Valorem Taxes?"

Further, if the answer to question (1) is in the affirma-
tive, you have requested us to answer the following question:

> "(2)   A husband and wife own a
> home and are allowed the homestead
> exemption from State Ad Valorem Tax.
> Neither has any kin.  Later they divorce,
> with the husband receiving title to the
> home in the settlement and he continues
> to reside alone in the home.  May he
> legally continue to receive the homestead
> exemption from State Ad Valorem Tax year
> after year?"

The pertinent Texas constitutional provisions which govern
the homestead exemption are Article XVI, Section 50; Article
XVI, Section 51; Article VIII, Sections 1-a and 1-b.  The con-
trolling statutory provision is Article 7048a, Section 2, Vernon's
Civil Statutes.

Article XVI, Section 50 of the Texas Constitution provides,
in part, as follows:

> "The homestead of a family shall be,
> and is hereby protected from forced sale,. . ."

*-3486-*

Article XVI, Section 51, which describes the kind and character of the property of which the homestead shall consist, reads as follows:

"The homestead, not in a town or city shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city town or village, shall consist of lot, or lots, not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purpose of a home, or as a place to exercise the calling or business of the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

Article VIII, Section 1-a of the Texas Constitution provides, in part, as follows:

"From and after January 1, 1951, no State ad valorem tax shall be levied upon any property within this State for general revenue purposes. From and after January 1, 1951, the several counties of the State are authorized to levy ad valorem taxes upon all property within their respective boundaries for county purposes, except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes. . . ." (Emphasis added throughout unless otherwise stated).

Article VIII, Section 1-b of the Texas Constitution provides as follows:

"Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purpose."

The statutory enactment, Article 7048a, Section 2, states:

"From and after January 1, 1951, the several counties of the State be and they are hereby authorized to levy, assess and collect ad valorem taxes upon all property within their respective boundaries for county purposes, except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation. . . ."

Exemptions from taxation are strictly construed. In the case of City of Wichita Falls v. Cooper, 170 S.W.2d 777, (Tex. Civ.App. 1943, error ref.) the court stated at page 780:

"It is the universal rule in this state that the Constitution has definitely provided for every form of exemption of property from taxation; that if an exemption is so made it cannot be enlarged upon either by the Legislature or by the courts. Some courts have gone far enough to say that if there is a reasonable doubt as to the meaning of the Constitution in matters of exemption, the doubt will be resolved against the exemption, for exemptions from taxation are not favored by the Constitution nor by the Courts in their construction. City of Dallas v. Cochran, (Tex.Civ.App., 166 S.W. 32, writ refused); Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983.

" . . . .

". . .Art. 8, Sect. 1-a (as amended in 1933) is likewise specific and self enacting to the extent therein stated. There, $3,000 of assessed taxable value of the residence homestead is exempt 'from all taxation for all purposes' . . . ."

The exemption provided for under Article VIII, Sections 1-a and 1-b is limited to a residence homestead and does not apply to the business homestead. Attorney General Opinion No. 0-1800 (1940).

A person claiming the benefits of the homestead exemptions must prove that there is a familial relationship in order to obtain the benefits of the exemption. In <u>Plough, Inc. v. Moore</u>, 56 S.W.2d 681, (Tex.Civ.App. 1933, error ref.), the court states at page 681:

> " . . . In order to obtain the benefits of the exemption, the <u>family relationship</u> or status must exist among those claiming the benefits of the exemption. This necessarily presupposes a condition of dependence, either in law or fact, by one or more members of the group upon the other as the head of the family. Constitution, Art. 16, §50; Revised Statutes, art. 3833; Roco v. Green, 50 Tex. 483, 490; Howard v. Marshall 48 Tex. 471, 477; Whitehead v. Nickelson, 48 Tex. 517, 529.

> ". . . .

> ". . . The mere fact that the two plaintiffs were associated together . . . <u>did not entitle them to have such property exempted</u> from forced sale either <u>as a business or residential homestead in the absence of the existence of the family relationship</u>. . . ."

In the often cited case of <u>Roco v. Green, supra</u>, the general rules to follow to determine whether a <u>familial relationship</u> exists, as contemplated by law are as follows:

> "1.  It is one of social status, not of mere contract.

> "2.  Legal or moral obligation on the head to support the other members.

> "3.  Corresponding state of dependence on the part of the other members of this support."

In <u>Bahn v. Starcke</u>, 89 Tex. 203, 34 S.W. 103 (1896), at page 105, Chief Justice Gaines states:

> "The divorce destroys the particular family, the existence of which gave the right of exemptions, and hence destroys the right of homestead as to that family . . . . Section 50 /¯of the Constitution_7

exempts 'the homestead of a family', and
the general rule is 'no family, no home-
stead'. . . The words 'homestead of a
family' have a well-defined meaning, and
are not open to a construction which
would include the homestead of a single
person without a family."

Based upon the language of the constitutional provisions,
the statutory enactment, the case law and Attorney General's
Opinion No. 0-1800 (1940), we hold that a familial relation-
ship must exist in order for a property owner to be entitled
to the residence homestead exemption from ad valorem taxes
under Article VIII, Sections 1-a and 1-b of the Texas
Constitution and Section 2 of Article 7048a.

Since question (1) has been answered in the affirmative,
it becomes necessary, pursuant to your request, to answer
question (2).

The cases of Bahn v. Starcke, supra; Tanton v. State
National Bank, 125 Tex. 16, 79 S.W.2d 833 (1935) Clack v.
Williams, 189 S.W.2d 503 (Tex.Civ.App. 1945, no writ hist.);
and Reisberg v. Hubbard, 326 S.W.2d 605 (Tex.Civ.App. 1959,
no writ hist.), stand for the proposition that a divorce
destroys the homestead exemption and a single person without
any dependents is not entitled to claim a homestead exemption.

In accordance with the foregoing court decisions, it is
the opinion of this office that the familial relationship hav-
ing been dissolved by divorce and there being no minor children
or dependents, the homestead exemption cannot be allowed.

### S U M M A R Y

A familial relationship is necessary
in order to obtain a homestead exemption to
the extent provided in Article VIII, Sections
1-a and 1-b of the Texas Constitution and
Section 2 of Article 7048a, V.C.S. Under the
facts presented, the divorce decree dissolved
the homestead exemption and the property owner
should not be allowed the exemption of the
residential homestead from ad valorem taxation

Hon. Robert S. Calvert, Page 6 (C-725)

to the extent provided in Article VIII Sections 1-a and 1-b of the Texas Constitution and Section 2 of Article 7048a.

Very truly yours,

WAGGONER CARR
Attorney General

By: Terry Reed Goodman
Terry Reed Goodman
Assistant

TRG:ced

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Bill Allen
Marietta McGregor Payne
John Pettit

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright