## No. 5544.

## WILLIAM LEWIS *v.* HANNAH L. SELLICK ET AL.

1. HOMESTEAD—TENANT IN COMMON.—The principles which are decided in Clements v. Lacy, 51 Texas, 156, and in Jenkins v. Volz, 54 Texas, 639, to the effect that a tenant in common is entitled to a homestead estate in lands thus held, and that such estate is not confined to an undivided interest in the two hundred acres constituting the rural homestead, but may be an undivided interest of two hundred acres in the entire tract, reaffirmed in this case.

2. HOMESTEAD—STATUTE CONSTRUED.—Construing article 2336, Revised Statutes, *held:* That a tenant in common who establishes and improves a homestead place on the common property, is entitled in partition to have allotted to him the portion of the land so improved, or so much of it as may be equal in value to his share of the entire tract, independent of the improvements.

3. HOMESTEAD.—When on a rural homestead improvements are made at the joint expense of two tenants in common, the homestead being occupied and claimed as such by only one of them, the occupant is entitled to his two hundred acres embracing the homestead improvements, and his cotenant would in partition be entitled to an allowance for the amount expended by him in the making such improvements.

APPEAL from Uvalde.    Tried below before the Hon. Thomas M. Paschal.

*Baker & Archer,* for appellant: The court erred in charging the jury, or assuming in its charge, that Hannah L. Sellick and her former husband, James Howison, could have a homestead right in the lands in controversy, as uncontroverted facts established that the lands were partnership property, and a homestead can not be carved out of partnership property. (Hardin v. Abbey, 47 Texas, 582; Constitution, art. 16, sec. 50; Kingsley v. Kingsley, 39 California, 666; Amphlett v. Hibbard, 29 Michigan, 298; Pond v. Kimball, 101 Massachusetts, 105; Russell v. Leman, 39 Wisconsin, 574; Gaylord v. Irenhoff, 26 Ohio, 317; Freeman on Cotenancy and Partition, sec. 119; Person v. Wilson, 25 Minnesota, 198; Ware v. Owens, 42 Alabama, 212; Roberts v. McCarty, 9 Indiana, 16; Smith v. Dows, 5 Sandf., 669; Arnold v. Wainwright, 6 Minnesota, 358; Whitney v. Cotton, 53 Massachusetts, 689; Simpson v. Tech, 86 Illinois, 286; Robertson v.

Hanny, 52 Massachusetts, 713; Terry **v. Berry,** 13 Nevada, 514;
Jackson v. Jackson, 9 Texas, 593.)

*Ellis & Dial,* for appellee.

ACKER, JUDGE. Appellees brought this suit originally for the
recovery of an undivided half interest in three sections of land
in Uvalde county, and for partition with appellant, who was
admitted to be the owner of the other half interest.   Appellee,
Hannah L. Sellick, claimed the land by inheritance from her
deceased husband, James Howison, through a child that sur-
vived him, but now deceased.

By amended pleading, appellees set up the homestead estate
of two hundred acres of Mrs. Sellick in section number 126 of
the land, and prayed that it be set apart to her, with the im-
provements thereon, in the event it should be found that she
was not entitled to recover the undivided half interest in the
three sections.

It appears that in 1877 the three sections were owned jointly
by Harrington, the father of Mrs. Sellick, and James Howison,
then her husband.   The two tenants in common built a resi-
dence and other improvements on section number 126, which
were occupied and used by Howison and wife as their home
until in the summer or fall of 1877, when they went to California
for the benefit of Howison's health, where he died in December
following.   On leaving for California, they left the keys of the
house with a friend, and stated that they would return as soon
as Howison's health was restored.

In February, 1877, a judgment was obtained in a justice's
court of Uvalde county against Howison for one hundred and
six dollars and seventy cents, upon which execution was
issued, and Howison's half interest in the three sections of land
was sold thereunder on the first day of May, 1877, to one Baker,
who sold to Johnson, and Johnson conveyed it to appellant in
March, 1878, for the recited consideration of four hundred and
eighty dollars.   Appellant went into possession of the land
under his conveyance from Johnson, and afterwards in 1880,
purchased Harrington's half interest in the three sections and
expended several thousand dollars in adding improvements to
those already on the land.

Appellant contended in the court below that he was the owner
in fee of both the Howison and Harrington interests, free of any

homestead rights in Mrs. Sellick, and that if she ever had such rights in the land, she had forfeited the same by abandonment.

By the charge of the court the questions in the case were fairly submitted to the jury, the most material questions being whether Howison and wife had acquired a homestead estate in the land, and if so, whether they had abandoned it; and if they had not in fact abandoned it, whether the conduct and declarations of Mrs. Sellick were reasonably calculated to induce the belief that the homestead estate had been abandoned.

The court charged the jury to the effect, that if they found from the evidence that Howison and wife had a homestead estate in the land, and that they had not abandoned it, and further found, that Mrs. Sellick by her conduct and declarations had not induced the reasonable belief that she had abandoned her homestead estate, then they would find in her favor for an undivided two hundred acres of the land, and also find the value of the improvements upon the homestead at the time appellant went into possession under his deed from Johnson. The jury returned the following verdict:

"We, the jury, find for the plaintiffs an undivided interest of two hundred acres of land in survey No. 126, also one half interest in the improvements thereon, the whole of said improvements being valued at fourteen hundred dollars. The remainder of land in controversy defendant Wm. Lewis."

Upon this verdict the court rendered judgment in favor of appellees for an undivided two hundred acres of land in section 126, and also for "an undivided one half of all the improvements" on that portion of the land formerly constituting the homestead of Howison and wife, decreeing title to the remainder of the land to appellant; awarding a writ of partition and appointing commissioners to set apart the two hundred acres so as to include the improvements formerly occupied by Mrs. Sellick and her former husband, and directing that the commissioners divide the two hundred acres so set apart into two equal parts according to value, one of which they should set apart to Mrs. Sellick and the other to appellant, and also to allot and set apart to Mrs. Sellick another tract of one hundred acres contiguous, if practicable, to her half of the two hundred acres including the improvements, and that the commissioners report their action under the writ of partition to the next succeeding term of the court.

Under the directions given in this decree, it would be the duty

of the commissioners appointed to execute the writ of partition, to set apart to Mrs. Sellick one half of the two hundred acres including "one half of all the improvements thereon," and if they found that the two hundred acres and improvements were not susceptible of equitable partition, it would be their duty to make that fact known in their report to the court, and it would then become the duty of the court, if satisfied that the land and improvements could not be equitably divided, to order the two hundred acres and improvements sold, and the money arising therefrom to be divided between the co-tenants as their respective interests had been determined in the decree of partition. (Rev. Stat., art. 3479.)

Whether set apart by the commissioners, or sold and the proceeds divided, in either event Mrs. Sellick would receive one half of the value of all the improvements on the land, including those erected by her cotenant, to which she contributed nothing.

We need not here inquire whether a tenant in common is entitled to a homestead estate in land thus held, for it is settled that he is. (Clements v. Lacy, 51 Texas, 156.) And that the homestead estate of a tenant in common is not confined to an undivided interest in the two hundred acres constituting the rural homestead, but extends to an undivided interest of two hundred acres out of the interest owned, is equally well settled. (Jenkins v. Volz, 54 Texas, 639.)

It is contended by appellant that "the court erred in charging the jury that if they found for Mrs. Sellick on her claim of homestead, they would also find for her one half interest in the improvements on the two hundred acres found to be her homestead."

Upon this subject we find that the court gave the following instruction : "In case you find for plaintiff for the homestead, find that plaintiff is only entitled to an undivided two hundred acres out of the original one thousand nine hundred and twenty acres formerly belonging to said Harrington and Howison, and for an undivided half interest in and to the improvements erected on said two hundred acres at the date of the deed from Johnson to Lewis, and also state the amount you may find such improvements were worth at the date of said deed."

It is objected that this charge is erroneous, "because the homestead could not be set apart and partitioned until after appraisement and report of commissioners," and further, "be-

cause the court indicated to the jury that the portion of the land containing the improvements should be set aside as the homestead, while plaintiff would only be entitled to an undivided interest in the improvements in the same ratio as the two hundred acres bears to the one thousand nine hundred and twenty acres."

By our Revised Statutes, article 2336, it is provided, that the homestead carries with, and as a part of it, the improvements thereon.

One tenant in common may lawfully go upon any part of the land, establish his home and erect improvements thereon, and when the common lands come to be divided, the co-tenant who has enhanced the value of a part of the land by his individual efforts and expenditures, is entitled to have allotted to him the portion so enhanced in value, or as much of it as equals in value his share of the entire tract, independent of the improvements.

Where improvements are erected at the joint expense of the co-tenants, as appears to have been done by Harrington and Howison in this case, and one of the co-tenants occupies the improvements by consent of the other, and claims his homestead estate thereon, if the land is afterwards partitioned, we think the occupant is entitled to have his two hundred acres homestead estate, and the other co-tenant would be entitled to half of the value of the improvements erected at the joint expense of both. The views here expressed, seem to us to be in accord with the decisions of the court in the cases of Clements v. Lacy and Jenkins v. Volz, supra. They are certainly in accord with the established principles of equity.

We do not think the objections made to the charge here complained of, are tenable. By no fair construction can it be regarded as directing the jury to make partition of the property. It only directed the jury to find upon the issues of fact necessary to establish the rights of the parties and to enable the court to render a proper judgment. Considered with reference to the entire charge, as it should be, we do not think it erroneous.

Other errors assigned are immaterial and need not be noticed, except the ninth assignment, by which it is contended that the court erred in rendering judgment "for one half of all the improvements" situated on the two hundred acres homestead.

By his purchase from Harrington appellant became vested with all the rights and interest which his vendor had in the land and improvements, and erected additional improvements

upon that portion of the land which had been occupied by Howison and wife as a homestead, amounting to several thousand dollars in value.

The verdict of the jury under the charge of the court, fixed the value of the improvements that were on the land at the time appellant took possession under his deed from Johnson, at one thousand four hundred dollars, and Mrs. Sellick's interest in the improvements should be limited to one half of that amount. We think the court erred in rendering judgment for appellee's for one half of all the improvements on the land.

As the court fairly submitted to the jury every material issue made by the pleadings and evidence, and correctly instructed them on the law applicable thereto, and the verdict is responsive to the charge, we are of the opinion that the judgment of the court below should be reformed to the extent of limiting appellee's interest in the improvements to seven hundred dollars, one half the total value found by the jury, and that in all other particulars the judgment should be affirmed.

It does not appear that appellant moved in the court below to reform the judgment, or in any other manner called the attention of the court to the error indicated in this opinion. We are, therefore, of the opinion that appellant should pay all costs.

*Reformed and rendered.*

Opinion delivered December 6, 1887.