### Isaac Parr v. John Newby et al.

#### No. 6340.

**Homestead.**—One having title to real estate who occupies with his wife a house situate thereon with a purpose existing at the time to make it the permanent residence of himself and wife, thereby constitutes it his homestead, and the duration of such occupancy is immaterial. Though the actual occupancy was for but two days, after which the husband and wife rented and moved to another place, if there was no intention of abandonment, the homestead right protected the property from forced sale, and this against a purchaser having no notice of its former occupancy as a home.

Appeal from Lamar. Tried below before Hon. D. H. Scott.

The opinion states the case.

*Hale & Hale* and *J. M. Long*, for appellant.—The findings of the court of the law and the facts are contrary to and not sustained by the law and the facts in this: The evidence does not show by acts and facts which could or did amount to notice to appellant existing prior to the date of the levy of the execution under which he bought that would constitute the property in controversy the homestead of Killingsworth and exempt it from forced sale.

No brief for appellees has reached the Reporter.

Henry, Associate Justice.—Appellant instituted this suit to try the title to and for the possession of a house and lot in the city of Paris.

John Newby disclaimed title, alleging that he was in possession as the tenant of George Killingsworth, who made himself a party defendant and pleaded "not guilty." The cause was tried without a jury and judg-

ment rendered for the defendants. The court reduced to writing its findings of fact substantially as follows:

That George Killingsworth acquired title to the land before he married and rented it to Newby, reserving one room of the house, which he occasionally occupied up to the time of his marriage in December, 1884. When he married he expressed an intention to occupy the land as a homestead and arranged for the tenant to give him possession on the 1st of January following, and he and his wife when married went to the house and remained two days, expressing an intention to remain, but his wife preferring to go with her husband to the country and cultivate a rented farm, they left it rented to Newby. Some months before, in contemplation of marrying and living on the place, Killingsworth purchased and placed in the house some household goods.

Shortly after the marriage of Killingsworth and after he and his wife had moved to the country an execution against him was levied on the property, under which it was sold to appellant. The court's conclusion of law was that the property was at the dates of the levy and sale the homestead of Killingsworth and not subject to forced sale.

There are in the brief of counsel for appellant two errors assigned, reading as follows:

"1. The findings of the court of the law and the facts are contrary to and not sustained by the law and the facts in this: The evidence does not show acts and facts which could or did amount to notice to appellant existing prior to the date of the levy of the execution under which he bought that would constitute the property in controversy the homestead of Killingsworth and exempt it from forced sale.

"2. Appellee was not entitled to a homestead exemption prior to his marriage, and his right to hold the property in controversy as a homestead after his marriage is based entirely on secret intention not manifested by any outward sign of acts and facts amounting to notice to any one, and no definite time is fixed at which the homestead right attached, and the court ought to have rendered judgment for appellant instead of for appellees."

We do not think these objections are well taken. It is true that the property did not become exempt as a homestead until Killingsworth married and occupied the house with the intention of remaining in it. There is evidence in the record that when the defendant went with his wife to the house and occupied it after his marriage it was with the purpose of its becoming the permanent residence of his wife. Such occupancy with such intention of permanently remaining constituted the property a homestead. The length of time that it was occupied with such intention of permanently remaining is immaterial. After it had become a homestead it might cease to be such by abandonment, as in other cases where there is no doubt about the fact of there having been once a home-

stead, but we find no evidence in this record of such abandonment if it, be conceded that the homestead character once existed.

The mere intention to occupy the place after the marriage at some future time would not have invested the property with the character of a, homestead.

In this case the evidence is not strong that the property was occupied by the parties after their marriage with the intention of remaining in it. as their home, but there was evidence to that effect sufficient to sustain the finding of the court and to justify it.

The property being in fact a homestead, we do not think the question of want of knowledge of that fact by the purchaser of it at a forced sale is material under the circumstances of this case, if it can become so in any. In fact, notice was given of the homestead claim after the levy and before the sale was made.

The judgment is affirmed.

*Affirmed.*

Delivered April 9, 1889.