## O. Holland v. Mattie Zilliox.

### Decided March 4, 1905.

#### 1.—Homestead—Place of Residence of Family—Charge.

Where the husband lived upon land he had bought, but the wife, taking the minor children with her, went to a city, and resided there for several years, in order to obtain work, and thus secure funds with which to pay the purchase money due on the land, intending to permanently occupy it as soon as it was paid out, the court properly refused to charge, upon the issue of homestead, that a man's place of residence is where his family resides.

#### 2.—Same—Wife as Head of Family—Divorce.

Where such land was community property, and the wife, while the husband occupied it, obtained a divorce from him, the judgment giving her the custody of the children, and setting apart the land as a homestead for herself and them, she thereby became the head of the family, and the land was not subject to sale for the debts of the husband, it still being her fixed intention to occupy it as a home as soon as she finished paying for it.

Appeal from the District Court of Hill. Tried below before Hon. Nelson Phillips, special judge.

*Wear, Morrow & Smithdeal,* for appellant.—1. The court erred in

refusing to give to the jury the special charge requested by defendants, as follows: "A man's place of residence is where his family resides, and if, in this case, you find from the evidence that the place of residence of L. H. Zilliox was in Dallas at the time of the levy of the attachment writ, you will find for defendants, unless you believe from the evidence that such residence in Dallas was temporary, and that it was the intention of Zilliox to move to the land in controversy, and that at said time he was preparing to do so." Moores v. Willis, 69 Texas, 113; Allen v. Ashburne, 65 S. W. Rep., 45; Bettle v. Lang, 29 S. W. Rep., 813; Batts v. Scott, 3 Texas, 59.

2. The court erred in refusing to give to the jury the special charge requested by defendant, as follows: "You are charged, as the law of this case, that the decree of divorce in evidence before you had the effect of destroying the homestead exemption of plaintiff, if any, and there being no evidence that, since said decree was rendered, the plaintiff has dedicated said land as her homestead, you will find for the defendants." Bahn v. Starkie, 89 Texas, 203; Kirkwood v. Domnau, 80 Texas, 645.

*Thos. Ivy* and *A. P. McKinnon,* for appellee.

BOOKHOUT, Associate Justice.—This suit was brought October 18, 1903, by Mrs. Mattie Zilliox, appellee, v. O. Holland, appellant, seeking to restrain the sale of one hundred and seventy-one acres of land situated in Hill County. A trial was had before a jury, and on the verdict finding the land was homestead of Zilliox and wife at time of levy, judgment perpetuating the injunction was entered. Defendant prosecuted an appeal to this court.

It is contended that the court erred in refusing to give to the jury special charge number 1, requested by the defendant. This charge reads: "A man's place of residence is where his family resides, and if, in this case, you find from the evidence that the place of residence of L. H. Zilliox was in Dallas at the time of the levy of the attachment writ, you will find for defendants, unless you believe from the evidence that such residence in Dallas was temporary, and that it was the intention of Zilliox to move to the land in controversy, and that at said time he was preparing to do so." The court did not err in refusing this charge.

The land in controversy, about one hundred and seventy-one acres, is situated in Hill County. A writ of attachment issued in the suit of O. Holland v. L. H. Zilliox, then pending in the County Court of Dallas County, and was levied upon this land on September 9, 1902. Judgment was rendered in that suit June 8, 1903, for $212.50, and foreclosing the attachment lien. Execution issued on this judgment, and was levied on this land on September 24, 1903. This suit was brought to enjoin a sale under this levy. The land was purchased by L. H. and Mattie Zilliox about nine years prior to the trial, which would make it about the year 1895. They had, prior to the purchase, been living in Hill County, about three miles from Hubbard City, on what is called in the evidence the "Leopard Place," for six years. When they purchased the land in controversy it was not fenced. They fenced it, and have

also put a two-room house on it. It was shown that Mrs. Zilliox and the children had lived in Dallas for about five years before bringing this suit. That she and the children went to the place in suit each year after school was out and worked on the farm. The land was rented out, except about sixteen acres, which was reserved for herself and husband to cultivate. A part of the land was rented to a Mr. Scroggins, a brother of Mrs. Zilliox, who occupied one room of the house on the place, and the other room was occupied by L. H. Zilliox, who lived upon the land, and had thereon beds, cooking stove, dishes, chairs, etc. L. H. Zilliox and Mattie Zilliox owed about eighteen hundred dollars purchase money on the land, and her object in coming to Dallas was to earn money to pay off this debt. Wages were better in Dallas than in Hill County. In Dallas she had been engaged in hauling cord-wood, ploughing, washing and scrubbing. It has been her intention to move back on the place and make it her home as soon as she could pay it out. She has paid it all out except about six hundred dollars. She did not own any home in Dallas, and, so far as the record shows, neither L. H. Zilliox nor Mrs. Zilliox owned any other land than the property in dispute. L. H. Zilliox and the plaintiff, Mattie Zilliox, were divorced by the District Court of Dallas County on June 12, 1903. They had four minor children, which, by the decree in the divorce proceedings, were awarded to her, as plaintiff in that suit, and the land in suit, together with the rents, revenues and produce thereof, was set aside for the use and benefit of Mattie Zilliox and her minor children.

L. H. Zilliox lived upon the land in controversy and kept his horses thereon up to the time the divorce was granted. There was no error in refusing the special charge requested by appellant. The court, in the main charge, had fully instructed the jury what was necessary to constitute property the homestead. He further instructed them that "The husband, as the head of the family, has the right to designate the homestead of the family, and to establish the homestead character upon property designated and selected by him for that purpose, and the dedication by him of such property as homestead of the family by occupancy, or by such acts as would evince a fixed purpose and intention to appropriate within a reasonable time such property as the homestead, would be binding upon the wife, and would constitute that property, in such events, her homestead, and such property would remain and continue to be her homestead up to the time of the severance of the marriage relation by divorce, provided, in the meantime, such property had not been abandoned by the husband as the head of the family, as such homestead, so as to constitute abandonment of the property as a homestead, under the other instructions herein given you."

The verdict of the jury includes a finding that the land was the homestead at the time of the levy of the attachment, and had so continued up to the time of the trial. The evidence was sufficient to justify such finding. L. H. Zilliox had actually resided upon the land up to the time the divorce was granted, during which time Mrs. Zilliox and the children had once each year gone to the place and assisted in its cultivation, with the intention on her part to permanently occupy the land as a home as soon as she had earned sufficient funds to pay off the purchase money. It is held that the homestead right to land may at-

tach, although the wife has never moved upon it. (Henderson v. Ford, 46 Texas, 627; Moore v. Wills, 69 Texas, 143.)

The property being the homestead, and exempt from execution, no right therein attached by reason of the levy of the writ of attachment and the foreclosure of the supposed attachment lien. The land was community property, and the court had the power, and it was proper, in the decree for divorce, to make such decree with regard to the use of the homestead as would properly protect the wife and minor children in its use. (Kirkwood v. Domnau, 80 Texas, 647.) The property being the community homestead of L. H. Zilliox and Mattie Zilliox, and the custody of their minor children having been awarded Mrs. Zilliox by the divorce decree, and the property by said decree having been set aside for the use of Mrs. Zilliox and said minor children, it was not subject to sale on the execution against her divorced husband. (Stone v. McClellan & Prince, 81 S. W. Rep., 751.)

Again, by the decree of divorce L. H. Zilliox was forced to relinquish his position as head of the family, and Mrs. Mattie Zilliox was made its head, and, as stated, she has a fixed intention to occupy the property as her home as soon as she has earned sufficient funds to pay the balance of the purchase money owing thereon. It is apparent that the homestead rights of the family are not affected by the divorce. Such being the case, the property continued to be the homestead of the family, and was exempt from execution.

The remaining assignments have been carefully considered by the court, and we are of the opinion that reversible error is not pointed out in any of them. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.