## JOHN STRONG v. H. T. ELDER & SONS.

Decided February 3, 1910.

**1.—Homestead—Surviving Husband—Attachment Lien.**

Where the surviving husband, there being no children, is no longer the head of a family, although entitled to occupy the homestead, it is protected from forced sale, even subject to his homestead rights; and this protection extends to and forbids sale under foreclosure of the lien of an attachment against him as well as sale under execution.

**2.—Same.**

The levy of an attachment writ is a step in the course of securing a forced sale, and does not create a lien which might be enforced against the homestead.

**3.—Same—Contract Lien Distinguished.**

The fact that the claimant of homestead rights, a husband without children after the death of the wife, has the right to sell or mortgage it, and that such mortgage lien may be enforced subject to his homestead rights, presents a different case from that of sale under execution or attachment lien. Harle v. Richards, 78 Texas, 80 distinguished.

Appeal from the District Court of Gregg County. Tried below before Hon. W. C. Buford.

*Lacy & Bramlette,* for appellant.—An attachment lien attempted to be placed on a homestead is void, and being void, is not subject to foreclosure. Willis v. Matthews, 46 Texas, 479; Boring v. Cain, 65 Texas, 75; Willis v. Mike, 76 Texas, 82; Mayers v. Paxton, 78 Texas, 196; Tobar v. Losano, 6 Texas Civ. App., 698; McNeil v. Moore, 7 Texas Civ. App., 536; Morrison v. Carnahan, 31 S. W., 436; Glascock v. Stringer, 32 S. W., 920, 33 S. W., 678; Woeltz v. Woeltz, 57 S. W., 905.

Surviving husband may retain homestead existing as such at the time of his wife's death, even though he has no children and no constituent members of a family, and same is not subject to forced sale. Kessler v. Draub, 52 Texas, 575; Blum v. Gaines, 57 Texas, 119; Schneider v. Bray, 59 Texas, 670; Watkins v. Davis, 61 Texas, 414.

*F. B. Martin,* for appellees.—Harle v. Richards, 78 Texas, 80, virtually and in fact changes the rule as laid down in cases of Blum v. Gaines, 57 Texas, 119; Kessler v. Draub, 52 Texas, 575, and other cases cited by appellant. The appellant in this case, at the death of his wife, not having any children, ceased to be the head of a family, and thereby became a single man under the law, and entitled to only the exemptions of a single person and the use and occupancy of the homestead for such time as he sees fit to use it as such.

LEVY, ASSOCIATE JUSTICE.—Appellees in their suit for debt caused to be levied a writ of attachment against the eighty acres of land in controversy in this appeal, and prayed for the foreclosure of the attachment lien and the sale of the land thereunder in satisfaction of their debt. Appellant by his answer claimed that the eighty acres so attached was his homestead and as such exempt from forced sale. The trial was before the court without a jury. The court filed his findings of fact, which are fully supported by the record and are not challenged by the parties to this suit. The court made the findings that the eighty acres of land on which the attachment writ was levied was at the time of the levy and trial the homestead of appellant, and that he was in the use and occupancy of the same, and entitled to the use and occupancy of the same, as a homestead; that the land was acquired as and constituted the homestead of appellant and his wife, and that after the death of his wife, which occurred

previous to the issuance of the attachment lien, the appellant continued to remain on and use and occupy the premises as a homestead the same as during his wife's lifetime, and has never abandoned his use and occupancy of the same as a homestead. The appellant and his wife, as the court finds, had no children, and after the death of his wife appellant continued to remain upon the homestead alone. The debt sued on was not for the purchase money for the premises, nor for work and material used in constructing improvements on the premises. The court concluded as a matter of law that though the premises were the homestead of appellant and he was entitled to the use and occupancy of the same as a homestead, yet as appellant was not the head of a family a lien could be created by attachment against the premises subject to the use and occupancy of same by appellant. The judgment entered in the case was that the attachment lien be .foreclosed against the premises subject to the homestead right of appellant therein, and that no process to sell the premises issue as long as appellant continues to use and occupy the same as a homestead, and that process to sell same may issue when the "homestead rights of defendant cease to exist."

The specifications of error, by proper assignments, challenge the ruling of the court upon the ground that the premises, being the homestead of appellant, were exempt and protected from forced sale, and were not subject to attachment liens. The contention of appellant must be sustained. It is a well settled law of this State that when a homestead has once been acquired, as in the instant case, the subsequent death of either the husband or wife does not subject the homestead to forced sale under a judgment for ordinary debt, as in this case, the survivor still occupying and continuing it as a homestead. Blum v. Gaines, 57 Texas, 119; also Taylor v. Boulware, 17 Texas, 77; Kressler v. Draub, 52 Texas, 574; Schneider v. Bray, 59 Texas, 668; Childers v. Henderson, 76 Texas, 667, 13 S. W., 481. See sections 50 and 52 of article 16, Constitution of Texas. In explaining the rulings in these cases the Supreme Court, in answering a certified question in the case of Bahn v. Starcke, 89 Texas, 203, 34 S. W., 103, uses this language: "They, however, settle the law upon the point decided, and we are not disposed to cavil at the conclusions there announced."

The levy of an attachment writ is a step in the course of securing a forced sale, and does not create a lien which might be enforced against the homestead. Willis v. Mike, 76 Texas, 82, 13 S. W., 58. The principle of the decisions, based on the terms of the Constitution, is that the homestead, being expressly exempted and protected from forced sale, no statutory lien leading to a sale is ever valid against the homestead. Glasscock v. Stringer, 32 S. W., 920, and many other cases of like import.

Appellees cite the case of Harle v. Richards, 78 Texas, 80, 14 S. W., 257, and contend that the ruling in this case virtually changes the rule laid down in the case of Blum v. Gaines, supra. We do not think so. The question there and the question in the instant case are entirely dissimilar. The Constitution does not make void the contract lien created by the survivor. By the terms of the Constitution it is

only prohibited to a married man while his wife is living, to create a voluntary contract lien on the homestead. Lacy v. Rollins, 74 Texas, 566, 12 S. W., 314. But the Constitution in terms expressly exempts and protects the homestead of the survivor from all forced sales for ordinary debts. This is a sufficient statement to make clear the distinction. The reason of the Harle case is that, as the contract lien was allowable against the premises, it could be foreclosed against the premises subject to the use and occupancy with which it was burdened. In a sense, a mortgage foreclosure is a forced sale, but the difference is that such sale arises as a necessary incident of the voluntary incumbrance, and rests upon voluntary contract of such form of alienation of the land. It is sold in that manner because agreed. But such reason clearly is not allowable in the instant case, of a forced or statutory lien, without in effect nullifying the terms of the Constitution. It is not alone the right of possession and use of the homestead that is exempt and protected to the survivor from forced sale of creditors by the terms of the constitution, but "the homestead," which includes the ownership, as well as possession and occupancy. It follows that the lien on the homestead being void, no forced sale of the premises could occur, and that the judgment of the court in this respect was error.

The judgment of the District Court, in so far as it decrees foreclosure of the attachment lien on the eighty acres in controversy in this case, is reversed and here rendered in favor of appellant with all costs, and the remaining portion of the judgment of the court is affirmed.

The judgment was ordered reversed and rendered in part, and affirmed in part.

*Reversed and rendered in part.*

Writ of error refused.