### McWILLIAMS et al. v. ADOUE.
### No. 2688.

Court of Civil Appeals of Texas. El Paso.
June 23, 1932.

Rehearing Denied July 14, 1932.

Crate Dalton, of Dallas, for appellants.

Wm. H. Flippen and John T. Gano, both of Dallas, for appellee.

#### WALTHALL, J.

On November 26, 1925, W. S. McWilliams executed and delivered to J. B. Adoue three certain promissory notes, the first two for $1,250 each and the third for $500, all due and payable three years after date, and to secure the payment of these notes W. S. McWilliams executed to George Miller, as trustee, a deed of trust upon a tract of land (a house and lot) situated on Main street in the city of Dallas, Tex., sufficiently described, and referred to in the evidence as the Main street property. The notes themselves and in the deed of trust are described and referred to as renewal and extension notes of like notes secured by deed of trust of May 26, 1923. None of the original notes, nor the extended and renewal notes, nor either of the deeds of trust, were signed by Mrs. Ethel Lydia McWilliams. The extension and renewal notes each refer to the deed of trust, recite that it is one of a series of three similar notes, and that a failure to perform any of the agreements contained in the deed of trust, at the election of the holder of all or any one of the series of notes, shall mature the notes and be subject to foreclosure proceedings under the deed of trust. The notes also provide for payment of attorney fees.

The deed of trust of November 26, 1925, provides: "That failure to pay said note or any installment of interest on said note when due, or to keep and perform any covenant or agreement in this deed contained, shall at the election of the holder or holders of said notes at once mature same with all interest accrued; that if said note is placed in the hands of an attorney for collection, 10 per cent additional on the full amount due shall be paid as attorney's fees."

The deed of trust covenants that McWilliams has good title to the property conveyed, has the right to convey same, that the property conveyed is clear and free of any and all liens and incumbrances "except that taken up by the proceeds of this loan," and that the property "is not any part of my business or residence homestead, and is not in any way occupied, used or enjoyed as such; that I will pay all taxes, assessments and charges now due or which may become due on said premises, or chargeable against said promissory notes or this deed of trust before the same shall become delinquent (then some provision about insurance, etc., not involved here); and if I fail to do so, the holder of said note may pay the same, and I will, on demand, repay to the legal holder or holders of said notes, or trustee all sums of money they may advance to satisfy any taxes, assessments, insurance premiums and charges of whatever nature chargeable against said premises or against said notes, or this deed of trust, with 10 per cent interest per annum from date of ad-

vancement, all said advancements to be a lien on the property hereby conveyed."

On April 25, 1927, the state of Texas filed suit in the district court of Dallas county against W. S. McWilliams, as owner, and J. B. Adoue, Jr., and W. O. Hoffman, as valid lienholders on the property involved here, for the taxes for the year 1924, alleging same to be due and unpaid, and asserting a superior lien on said property for the payment of said taxes, penalties, and interest from January 1, 1925.

W. S. McWilliams failed to answer in the tax suit; J. B. Adoue, Jr., filed answer in the nature of a cross-action against W. S. Mc-Williams setting up the making of said notes and deed of trust, default in the payment of the notes, and asked for judgment and a fore-closure of the deed of trust lien on the property. Upon receiving citation in the cross-action, W.· S. McWilliams opened negotia-tions with Adoue and his attorneys for the purpose of securing dismissal of Adoue's cross-action. The negotiations resulted in an agreement substantially to the effect that if McWilliams would pay the taxes, penalties, interest, and court costs due the state, and pay Adoue's attorneys $50, Adoue would dis-miss his cross-action. McWilliams paid the taxes, penalties, court costs, and interest due the state, but did not pay the $50 attorney fees. Upon the payment of the taxes, penal-ties, costs, and interest due the state, the court entered an order on June 6, 1929, dis-missing the tax suit, stating the payment of the taxes and court costs in full, and said nothing in the order as to the retention or pendency of the cross-action. Upon inquiry McWilliams learned that the tax suit had been dismissed, and paid no further attention to it.

On October 18, 1927, without further actual notice, negotiations, or knowledge of Mc-Williams of anything happening in the tax suit or Adoue's cross-action, Adoue took judg-ment against McWilliams on the two $1,250, aggregating the sum of $3,056.76 and costs, with a foreclosure of the deed of trust lien upon the property in controversy.

On September 20, 1927, the plaintiff in this suit, Mrs. Ethel Lydia McWilliams, joined by her husband, W. S. McWilliams, filed this suit against J. B. Adoue, setting up the execution of said three notes to Adoue and the execution of said deeds of trust on said property by W. S. McWilliams, and the recording of same; she alleged that when the deeds of trust were made said property was then lived in and oc-cupied, used, and maintained as a home-stead of herself and her husband and that same were not executed by her, Mrs. Ethel Lydia McWilliams, and that she did not know until shortly before this suit of the deed of trust, and that upon discovery of such deed of trust she filed this suit. She alleged that the deed of trust cast a cloud upon said home-stead property, and she asked that it be re-moved, and for damages. Adoue, after plead-ing matters we need not state, set up that the money loaned W. S. McWilliams for which said notes were given went to discharge the payment of certain vendor's lien notes given by W. S. McWilliams to W. O. Hoffman in the purchase of said property, and in the al-ternative that at the request of W. S. Mc-Williams said money was borrowed to be used for the payment of said Hoffman notes.

On May 10, 1928, W. S. McWilliams filed his third amended original petition setting up the facts as heretofore stated, that is, the re-covery of judgment by Adoue on his cross-action, against W. S. McWilliams on October 18, 1927; that said judgment was procured by fraud, stating the grounds to be, briefly, Adoue's answer by cross-action as to the exe-cution of said notes and deed of trust; the agreement to dismiss the cross-action on the payment of the taxes, etc., and his reliance thereon, and that so relying he paid no further attention thereto until March, 1928, when he discovered the judgment on the cross-action; that the term of court had expired and it was too late to have the judgment set aside by the trial court; the filing of his suit to remove cloud from title before the judgment on Adoue's cross-action was entered, and some matters which he asserts caused him to delay said suit and which he says was a fraud upon the court and plaintiff.

W. S. McWilliams then pleaded in the na-ture of a bill of review, restating some of the matters set out above, alleged that the deeds of trust were void for the reason that at the time the deeds of trust were executed the property was the homestead of himself and wife; that the notes sued on were not a re-newal of any vendor's lien notes and, if they were, they were renewed without the knowl-edge or consent of his wife, Ethel Lydia Mc-Williams.

On May 25, 1931, Ethel Lydia McWilliams intervened in the suit. Her petition is in the nature of a bill of review. Briefly stated, she alleges that the judgment of Adoue in the cross-action foreclosing the deed of trust on the property was void as to her; that she did not sign the said notes nor the deeds of trust and knew nothing of either until long after the filing of this suit and until the answer of Adoue in this suit; that at all times since the purchase of the property involved here same has been the homestead of her husband and herself; she pleads the dismissal of the tax suit as heretofore set out, prays for in-junction restraining the sale of the property under the Adoue judgment, and removal of cloud from title.

Adoue answered by pleas in abatement, ex-ceptions, general denial, special denials, pleads the judgment in the former suit on his cross-action against W. S. McWilliams, and prays that plaintiff W. S. McWilliams recover

nothing, and that the integrity and validity of the judgment rendered on his cross-action in the former suit be upheld.

Plaintiffs filed a second supplemental petition pleading at great length and repleading the facts heretofore briefly stated, and general denial.

The court submitted the case to the jury on special issues. The jury found:

1. That W. S. McWilliams exercised such care in looking after the cross-action in the tax suit as a reasonably prudent man would and should exercise, under all the facts and circumstances surrounding the filing of the tax suit and the cross-action, to prevent the entry therein of a judgment therein.

2. W. S. McWilliams made no defense in the cross-action in the tax suit because of any act or acts on the part of Adoue or his attorney, which was or were reasonably calculated to mislead a reasonably prudent man.

3. Under the agreement between Mr. Freeman (Adoue's attorney) and W. S. McWilliams, the $50 attorney fee was to be paid before the dismissal of the cross-action in the tax suit.

4. The money secured from the loan made in 1923 by Adoue to W. S. McWilliams was not used to pay off the $2,000 vendor's lien note originally held by W. O. Hoffman.

5 and 6. The property involved in this suit was the homestead of McWilliams and wife on the 26th day of May, 1923, and on the 26th day of November, 1925.

The trial court refused to enter judgment for the plaintiffs McWilliams on their motion for judgment, and entered judgment for defendant Adoue on his motion for judgment for the amount of judgment in Adoue's cross-action in the tax suit, and ordered foreclosed the deeds of trust liens and the judgment lien.

From the recitation in the judgment entered declaring valid and of force and effect, and that same is continued, the judgment theretofore rendered in favor of Adoue on his cross-action in the tax suit, we assume such holding to be the basis of the judgment and order in this suit.

Plaintiffs McWilliams duly prosecute this appeal.

### Opinion.

Appellant W. S. McWilliams had at no time paid the principal nor the interest on the notes for which judgment was rendered in the tax suit and in this suit, so it seems clear that Adoue was entitled to judgment on the notes at the time judgment was rendered on July 11, 1931.

The jury having found in favor of appellants all of the issues submitted on the trial material to appellant's recovery on the validity of the deeds of trust on the property, judgment should be in their favor, unless, as found and stated by the court in the judgment, that the judgment entered in the tax suit on Adoue's cross-action was a valid judgment in all respects and of full force and effect, and could properly be continued and carried into and made the basis of the judgment in this suit. The judgment in the tax suit and in this suit ordered the foreclosure of the deeds of trust on the property involved here which the evidence sufficiently shows and the jury found to be the homestead of McWilliams and wife at the time of the execution of the deeds of trust on the property. The jury's findings are not contested except as to the sufficiency of the evidence to fix the homestead on the property in question. Mrs. McWilliams, not being a party to the notes or deeds of trust, was not made a party in the tax suit by the State nor by Adoue in his cross-action.

Mrs. McWilliams was not a necessary party to the tax suit by the state, and the tax suit was dismissed by the state on the payment by McWilliams of all taxes, penalties, interest, and costs.

The only question we think to discuss is the validity and finality of the judgment on Adoue's cross-action as rendered in the tax suit foreclosing the deeds of trust on the homestead, when directly challenged by a subsequent suit in a bill of review, setting up the homestead rights in the property.

The debt as evidenced by the notes was in no sense a debt authorized against the property as a homestead, and was a debt against the property only as made so by McWilliams in executing the notes and deeds of trust, and to which Mrs. McWilliams was not a party and of which at the time of the execution of the notes and deeds of trust, and at the time of the rendition of the judgment foreclosing the deeds of trust lien, she had no knowledge, as shown by the undisputed evidence, of the making of the notes or the deeds of trust, or of the rendition of the judgment foreclosing the deeds of trust lien.

It would be needless to say that both under the state Constitution (article 16, § 50) and the statutes of this state (Rev. St. 1925, art. 3832) the homestead of the family is reserved to the family and exempt from every character of lien and forced sale except such as is specially permitted by the Constitution and laws of the state.

The husband and the wife acting together cannot voluntarily or involuntarily create a lien or in any manner incumber the family homestead, except under the circumstances and in the manner authorized by the statutes of this state, and any effort on the part of either or both to do so is voidable or void. Under some circumstances, not involved here, an effort to incumber the family homestead is voidable rather than void, and when void its invalidity may be shown in such proceedings as here.

The homestead right having been fixed on the property prior to the debt in question, and prior to the deeds of trust in question, and there having been no voluntary abandonment of the property as a homestead, and Mrs. McWilliams not having joined·in the deeds of trust conveyance, and the debt evidenced ·by the notes not being of that character for which the Constitution and statute expressly renders the homestead property liable, the deeds of trust are void, and there having been no change in the status of the property prior to the judgment, the judgments foreclosing the deeds of trust liens are void. Tucker v. Dodson (Tex. Civ. App.) 245 S. W. 728; Holland v. Zilliox, 38 Tex. Civ. App. 416, 86 S. W. 36; Sykes v. Speer (Tex. Civ. App.) 112 S. W. 422; Speer & Goodnight v. Sykes, 102 Tex. 452, 119 S. W. 86, 132 Am. St. Rep. 896; Strong v. H. T. Elder & Sons, 59 Tex. Civ. App. 88, 125 S. W. 374; Owens v. Cage & Crow, 101 Tex. 286, 106 S. W. 880; First National Bank of Caddo v. Gupton (Tex. Civ. App.) 278 S. W. 292.

The evidence is sufficient to sustain the jury's finding on the issue of the homestead and appellee's cross-assignment is overruled. We think also that appellee, in the condition of the record, is not in a position to raise the issue here.

The judgment of the trial court is affirmed as to the judgment in favor of Adoue against W. S. McWilliams for the amount of the debt, but reversed and here rendered in favor of McWilliams and wife as to the foreclosure of the deeds of trust lien on·the land.

Affirmed in part, and reversed and rendered in part.

HIGGINS, J. (concurring).

■ Findings 5 and 6 establish the homestead character of the property on May 16, 1923, and November 26, 1925. The lien evidenced by the deeds of trust of those dates was therefore invalid, and Mrs. McWilliams on that account had a good defense to the foreclosure cross-action of Adoue in the tax suit. She was therefore a necessary party defendant to the cross-action. Jergens v. Schiele, 61 Tex. 255. Not being a party to the foreclosure, she is not bound thereby. Odum v. Menafee, 11 Tex. Civ. App. 119, 33 S. W. 129. The court below based its judgment upon the view that the foreclosure of the deed of trust upon the cross-action of Adoue in the tax suit was valid. In that ruling, in so far as concerns the homestead right of Mrs. McWilliams, I am of the opinion the trial court erred.

■ Appellee presents a cross-assignment of error questioning the sufficiency of the evidence to support findings 5 and 6, but he is not in a position to raise that question, for he did not do so in the lower court. It is the settled rule of practice: "When a cause is tried by jury, whether upon a general charge or special issues, all questions relating to the sufficiency of the evidence to support the verdict must be·raised in a motion for new trial in the court below so as to give that court an opportunity to correct any error thus disclosed." Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667, 668, and other cases cited in 3 Tex. Jur. 254, note 18.

The record discloses no attack by appellee in the court below upon the sufficiency of the evidence to support the findings upon the homestead issue. On the contrary, the recitals in the judgment disclose that appellee "filed and presented to the Court his motion· for a judgment based upon the findings of the jury and· undisputed testimony," and that such motion was "in all things granted."

For the reasons stated I concur in the disposition made of this appeal.

Chief Justice PELPHREY concurs in this concurring opinion.