## GREENAWALT v. CUNNINGHAM et al.

### No. 12526.

Court of Civil Appeals of Texas. Dallas.
July 17, 1937.

George Sergeant, of Dallas, for appellant.
Walter R. Fly, of Dallas, for appellees.

BOND, Justice.

Cecil E. Greenawalt instituted this suit in a district court of Dallas county against J. D. Cunningham et al., seeking to restrain the sale of plaintiff's interest in 433.8 acres of land. The suit is predicated upon the alleged ground that the land in question constituted the homestead of the plaintiff.

The court, on hearing, issued a temporary order, denying the application for the injunction as to plaintiff's interest in 200 acres and also as to his undivided interest in one-third of the balance of said land, after deducting the 200 acres, and restraining the sale as to plaintiff's interest in the remaining undivided two-thirds of such land. The basis of the order denying the injunction was that, at the time defendant's

judgment lien attached, the interest of plaintiff in the land did not constitute his homestead, for the reason that he was not in such possession of the land as to impress it with the homestead.

The facts are these: On April 6, 1936, Mrs. Mary Oliver Greenawalt died intestate, leaving surviving her, her husband, Jeston E. Greenawalt, and seven children, one of whom is the plaintiff, Cecil E. Greenawalt; and, at the time of her death, she was the owner and in possession of 433.8 acres of land, situated in Dallas county; 222 acres and 40 acres, respectively, of the J. D. Merchant survey, and 171.8 acres of the A. Nail survey; 200 acres of the 222-acre tract of the Merchant survey constituted the homestead of Mrs. Mary Oliver Greenawalt and her husband, Jeston E. Greenawalt, and, after Mrs. Greenawalt's death, her husband continued to use and occupy the 200 acres as his homestead.

At the time of the death of Mrs. Greenawalt, her son, Cecil E. Greenawalt, was a married man, having married in 1925. He, with his family, consisting of a wife and two children, lived upon his mother's land, on the 222-acre tract, occupying a separate house from that of his parents and, very soon after his mother's death, he moved into the house with his father. During all the time plaintiff lived on the premises, he cultivated about 14 acres of the land, paying his father the usual and customary rental of one-third of the grain and one-fourth of the cotton.

On December 7, 1927, J. D. Cunningham recovered judgment against Cecil E. Greenawalt in the county court of Dallas county, Tex. The judgment was filed of record on October 20, 1930, and duly noted in the abstract of judgment records of Dallas county, in such manner as to create a valid and subsisting judgment lien on all lands thereafter acquired by the judgment debtor not impressed with homestead.

■ It is clear, in view of the record, that at the death of Mrs. Greenawalt her seven children acquired title to the 433.8 acres of land by inheritance, subject to the rights of their father, Jeston E. Greenawalt, in 200 acres which was then incumbered with the father's homestead and with his life estate in one-third of the balance of the land. The children's interest in the particular estate of the father was merely a right in remainder without any right to possession and, in law, not in pos-

session. The father acquired all possessory right, to the exclusion of the children.

■ In the case of Massillon Engine & Thresher Co. v. Barrow et al. (Tex.Com. App.) 231 S.W. 368, Clarence Barrow inherited an interest in a tract of land from his father, his mother continued to exercise the right of homestead possession given her under the Constitution, Barrow lived in his mother's house, and his homestead rights were coextensive with and confined to the identical land used by his mother as her homestead; in that case, the Commission of Appeals, adopted by our Supreme Court, held that the son, living with his widowed mother upon land which she claimed as her homestead, was precluded from asserting a homestead interest in the same land which she claimed as her homestead, for one claiming merely an interest in remainder is without any right to possession necessary to found a claim of homestead. So, also, is the holding in the case of Rettig et al. v. Houston West End Realty Co. (Tex.Com.App.) 254 S.W. 765, in which the facts there were similar to those in the Barrow Case, supra, and in the instant case. In that case, Judge German for the Commission of Appeals held that, where the surviving husband continued to reside in the homestead and never relinquished any specific tract or portion thereof, but merely permitted his son to live in the house which the son had built thereon, the son did not acquire a homestead interest in the land while the father lived, though at his mother's death he inherited an interest in the land. So, in the case at bar, the appellant inherited one-seventh undivided interest in his mother's land, but did not acquire a homestead interest thereon, as his father never relinquished any specific interest in the land to the son, he merely living upon the land by sufferance of his father.

■■ We think it is the settled law that, to entitle a debtor to a homestead exemption, he must have at least a possessory interest in the land, a present right of occupancy. A homestead cannot exist in a remainderman so long as the particular estate is undetermined. In 21 Cyc. p. 503, it is stated: "The interest in land sufficient to carry with it the privilege of exemption must be such as involves a present right of occupancy. Future estates therefore, whether vested or contingent, will not support the claim; yet when the particular

estate is determined and the remainder-man is entitled to immediate possession, he may claim his homestead in the premises, if his contingent interest has not been sold in the meantime by his creditors."

It is our conclusion that appellant has not shown that his homestead rights, if any he had, in any land which he acquired on the death of his mother, are prejudiced by the execution and order of sale, or that plaintiff is entitled to claim his homestead on lands in which he has merely a contingent or remainder interest, thus the trial court could do nothing other than to deny to appellant the injunctive relief. The judgment of the lower court is affirmed.

Affirmed.