## ATKINS et al. v. SCHMID et al.
### No. 12666.

Court of Civil Appeals of Texas. Dallas.
March 11, 1939.

On Motion for Rehearing April 22, 1939.

Barney Cantrell, of Dallas, for appellants.

L. F. Howard, of Fort Worth, for appellees.

BOND, Chief Justice.

Elmer Atkins, et al., children and grandchildren of Nancy Atkins, deceased, six in number, instituted this suit against A. A.

Webster and R. A. (Smoot) Schmid, Sheriff of Dallas County, to enjoin execution sale of an undivided interest in six separate tracts of land, levied on as the property of W. H. Atkins, another son of Nancy Atkins, to satisfy a judgment in favor of defendant A. A. Webster, and to quiet their title thereto. W. H. Atkins was not, at the institution of the suit, made a party thereto, but was subsequently vouched in by the defendants to defend the title, not only to the six separate tracts involved in plaintiffs' suit, but also to another tract of land alleged by plaintiffs as belonging to him and being used and occupied as his homestead.

Plaintiffs' petition on which they went to trial alleged that, on August 8, 1932, and long prior thereto, their mother, Nancy Atkins, owned, in fee simple, seven tracts of land, designated in the petition by numbers and each separately described by metes and bounds; that on said date, Nancy Atkins, by parol, gave to her son, W. H. Atkins, the land described as the "sixth tract" in the petition, as his portion or share of her estate, in consideration of the donee's agreeing that he would not claim, assert title to, or receive any other property of the donor, to which, in ordinary events, the donee would be entitled to share at her death under the law of descent and distribution.

Plaintiffs further alleged that W. H. Atkins accepted the gift under the conditions above stated, went immediately into actual possession thereof, made valuable permanent improvements thereon, and has had, held and enjoyed continuous, open, notorious, adverse, and peaceable possession of the tract of land, designated "sixth tract", occupying same as the homestead of himself and family since said date, to the exclusion of Nancy Atkins and all others. In recognition of such gift and relinquishment of his inheritance in the estate of Nancy Atkins, the remaining heirs of Nancy Atkins, plaintiffs herein, on May 17, 1937, executed and delivered to W. H. Atkins, as muniment of title, a division and partition deed to the land involved in the gift, and, in turn, W. H. Atkins, with others, conveyed the other tracts of land to the various other heirs, respectively, of Nancy Atkins.

Plaintiffs further alleged that they severally own and have absolute title to all of the six tracts of land described in their petition, that W. H. Atkins owns the "sixth tract" mentioned, and that none of the heirs assert any right, title or interest in lands respectively set aside to the other heirs.

The defendants, in due order of pleadings, filed plea in abatement, plea of nonjoinder of W. H. Atkins as a party to the suit, general demurrer, special exceptions, general denial, and specially impleaded W. H. Atkins, in cross-action, to recover title to an undivided one-sixth interest in the entire estate of Nancy Atkins, including the six tracts involved in plaintiff's suit and the one tract alleged by plaintiffs as having been vested in W. H. Atkins; and, perforce of the judgment against W. H. Atkins, sought foreclosure of a judgment lien against the interest therein belonging to him. The pleadings and exceptions each challenged plaintiffs' title in the whole of the six tracts involved in their suit, to the exclusion of W. H. Atkins, and of the one tract claimed by W. H. Atkins to the exclusion of the other heirs.

In response to defendants' interpleader, W. H. Atkins came into the suit, filed answer, disclaiming all interest in and to the properties involved in plaintiffs' suit, entered general demurrer and general denial to defendants' pleadings and, in the alternative, adopted plaintiffs' pleadings as his own and asked judgment in accordance therewith.

The cause was tried to a jury and at the conclusion of the testimony, the court peremptorily instructed a verdict for the defendants, accordingly entered judgment denying to plaintiffs injunctive relief, establishing defendant Webster's debt and lien against W. H. Atkins and directing foreclosure of the judgment-lien against all the named heirs of Nancy Atkins on one-sixth undivided interest in and to all of the seven tracts of land involved in the suit as belonging to the judgment-debtor, W. H. Atkins. Plaintiffs and defendant in cross-action, W. H. Atkins, appeal.

The paramount question to be determined in this appeal is, whether or not the interest of W. H. Atkins, in lands standing in the name of his mother at the time of her death, she having died intestate, is subject to defendant Webster's abstract of judgment lien, properly filed and indexed, prior to W. H. Atkins' acquired title.

The Atkins heirs sought by proof to establish that their mother, by parol, gave to her son W. H. Atkins the land described by metes and bounds, designated in the suit as the "sixth tract", as his full share

and portion of her estate, in consideration of his relinquishing all right of inheritance to other lands of which she died seized and possessed; and that, in accordance therewith, the donee and his family took immediate possession of, made valuable permanent improvements, and established their homestead thereon, prior to the death of the donor, and continued such right of possession and occupancy to the exclusion of all others to the day of the levy of defendant Webster's execution.

It will be seen that W. H. Atkins' claim to the "sixth tract", to the exclusion of the other heirs of Nancy Atkins, was not acquired by inheritance, and his rights thereto are based exclusively on title by parol gift, accompanied by possession and valuable permanent improvements. That title to land may be so acquired, is not an open question in this state.

The trial court denied to them the right to prove,—which the testimony, if admitted, would have shown conclusively—that Nancy Atkins, five years before her death, gave the "sixth tract" to her son, W. H. Atkins, in consideration that he relinquish, at her death, all claim of inheritance in her estate; that she turned the tract involved in the gift over to him, that he took immediate possession, made valuable improvements, and established his home thereon, to the exclusion of Nancy Atkins and her other heirs. The testimony was admissible, and, the court's rejection of the proffer necessarily results in a reversal of this cause.

However, we think, the judgment may well be reversed and here rendered in favor of plaintiffs and, the defendant in cross-action, W. H. Atkins, without extending further discussion on the numerous assignments of error on the action of the trial court in refusing to allow witnesses to testify to acts and statements of the deceased, Nancy Atkins, as to her gift of the land to W. H. Atkins, and the relinquishment of his expectant right of inheritance in her estate. It affirmatively appears from the record that whatever interest W. H. Atkins acquired, either by gift or inheritance, in lands standing in the name of his mother, was, at the time of her death and long prior thereto, the homestead of himself and family. W. H. Atkins went upon the land designated in the petition as the "sixth tract", made valuable improvements thereon and made it his home, to the exclusion of his mother; thus, at the death of his mother, the seg-regated tract of land immediately became impressed with his homestead, and the remaining heirs acquired no interest therein, and, in recognition thereof, executed a division and partition deed to W. H. Atkins, and he, in turn, executed deeds to the other heirs for the balance of the estate.

That a homestead may be established upon land held by tenancy in common, provided the rights of co-tenants are not prejudiced, is well settled by decisions in this state. Clements et al. v. Lacy, 51 Tex. 150; Jenkins v. Volz, 54 Tex. 636; Southwestern Mfg. Co. v. Swan, Tex.Civ. App., 43 S.W. 813; Lewis v. Sellick et al., 69 Tex. 379, 7 S.W. 673; Powell v. Ott, Tex.Civ.App., 146 S.W. 1019. The theory of the law is that a homestead may be fixed in lands held in co-tenancy, because justice and reason will not countenance the deprivation of that interest which a party has on the ground that he has not the whole.

The proof shows conclusively that W. H. Atkins, aside from his claim of parol gift, which he sought to establish as above stated, in all events, has an inherited undivided one-sixth interest in his mother's estate; that more than five years prior to such inheritance, he had gone upon a segregated portion of the estate, known in the record as "sixth tract", occupied it continuously thereafter as a home, made valuable and substantial improvements thereon, with the knowledge and consent of his mother; thus, since the mother owned the land throughout, and allowed W. H. Atkins to establish his home thereon, and, at her death, he, having acquired an interest in her estate as a co-tenant in the whole, was, we think, clothed with the right, when the time for partition came, to have allotted to him in the division, the particular portion of the land improved by him and claimed as his home. Parr v. Newby et al., 73 Tex. 468, 11 S.W. 490.

The homestead right having been fixed before the death of the mother, it could not be destroyed, or the title alienated or impaired by any character of forced sale, other than for purchase money, taxes or improvements. A forced sale of a homestead in satisfaction of any character of debt, except such as is provided for by the Constitution, is void. Holland v. Zilliox, 38 Tex.Civ.App. 416, 86 S.W. 36; Sykes v. Speer, Tex.Civ.App., 112 S.W. 422; Speer & Goodnight v. Sykes, 102

Tex. 451, 452, 119 S.W. 86, 132 Am.St. Rep. 896; Strong v. H. T. Elder & Sons, 59 Tex.Civ.App. 88, 125 S.W. 374. So, where the legal title to land is in the name of another and has been impressed with homestead character by one put in possession, to the exclusion of the owner, in contemplation of future vestiture of title thereto by inheritance or otherwise, his claim of homestead right in the land becomes co-extensive with his after-acquired title, thus, his homestead rights have priority over any right of a judgment-creditor's abstract judgment lien.

In Rettig et al. v. Houston West End Realty Co., Tex.Com.App., 254 S.W. 765, Judge German, speaking for the Commission of Appeals, held, in effect, that where a son with consent of his mother and father, and to the exclusion of his parents, had impressed a homestead on land, belonging to his parents, at the death of his parents, his inherited interest was exempt to him. And, in Tucker v. Dodson, Tex. Civ.App., 245 S.W. 728, and in Greenawalt v. Cunningham et al., Tex.Civ.App., 107 S.W.2d 1099, it is also held that where one who was permitted to claim a homestead right in land, of which his parents had surrendered complete control, and which he had appropriated to his exclusive use, acquired a homestead interest in an undivided estate of his parents, clothed with the right, when the time for partition arrives, to have allotted to him in the division, the particular portion of the land improved by him, equal in value to his undivided share in the entire estate, exclusive of such improvements.

In the instant case, W. H. Atkins, having established his possessory right to a segregated portion of an undivided expectant share of his mother's estate, impressed as it was with his homestead, had a right to have such set aside to him as his portion of the estate, and, being his homestead prior to and at the time of his inheritance, it is not subject to defendant's abstract-judgment; and, that portion of his mother's estate, independent of the improvements he placed thereon, being of equal value with the respective portions acquired by the other heirs, the balance of the estate, inherited by the other heirs, is not liable for the payment of such judgment.

The judgment of the court below is reversed and here rendered in favor of appellants, for the title and possession of their respective tracts of land, and perpetually enjoining the sale thereof. The Sheriff of Dallas County, being a mere nominal party to the suit, all cost is taxed against the appellee, A. A. Webster.

Reversed and rendered.

### On Motion for Rehearing.

In sustaining appellees' objection to the proffered testimony of numerous witnesses to the effect that Nancy Atkins, five years before her death, had, by parol, given the "sixth tract" involved in this suit to her son W. H. Atkins, in consideration that he would, at her death, relinquish all claim of inheritance in her estate, that she had turned the gift over to him, that he took immediate possession; made valuable improvements, and lived thereon to the exclusion of the donor until her death, the trial court rejected the proffered testimony because it tended to alter or change the legal effect of a right created by a deed executed and delivered to W. H. Atkins by the remaining heirs of Nancy Atkins after the death of the donor, to the specific "sixth tract" involved here, and that he, in turn and in like manner, conveyed to the other heirs the remaining tracts belonging to the estate of Nancy Atkins. The deeds, pertinent here, recite: "Whereas, Mrs. Nancy Atkins died in Dallas County, Texas, on or about the 10th day of April, A. D. 1937 and at the time of her death died seized and possessed of certain real estate, and, whereas, Mrs. Nancy Atkins left surviving her five (5) sons, to-wit: A. R. Atkins, W. H. Atkins, E. L. Atkins, Dallas Atkins, and Commo Atkins, and two granddaughters, who are the daughters of Daisy Atkins Vanderslice, to-wit: Lucille Renfro and Frances Smith. * * * in consideration of the sum of One ($1.00) Dollars to us (above named heirs except W. H. Atkins) paid and secured to be paid by W. H. Atkins, the receipt of which is hereby acknowledged and confessed, and the further consideration of a division and partition of the property and estate of Nancy Atkins, deceased, between grantors and grantee, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said W. H. Atkins" Etc., the "sixth tract" described by metes and bounds. The deeds to each of the other heirs were of similar import.

Obviously, appellee Webster was accorded no right created by the deeds, and he lost none by their execution; he was not a party thereto. Other than the

recitals that Nancy Atkins died seized and possessed of the property, that the parties thereto were her heirs, and that they executed the deeds in division and partition of her estate, we think the deeds evidence W. H. Atkins' claim of right to the land through gift of his mother. The deed to him by the other heirs conveying the identical tract of land involved in the gift, and he in turn conveying to the other heirs the remaining portion of the estate, tends strongly to corroborate the gift, as sought to be established by the rejected testimony. The recitals of inheritance were not conclusive against appellants' claim of title, and they were not estopped in alleging and proving W. H. Atkins' title by gift.

The trial court having peremptorily instructed a verdict against appellants, and the pleadings and rejected testimony involving the title by parol, also of homestead, raising factual issues, we have concluded that we were in error in rendering judgment in favor of appellant on reversal. Therefore, the action of this Court rendering the judgment is set aside, and the cause is reversed and remanded to the court below for trial on its merits.

Reversed and remanded.